

FILED

May 05 2017, 5:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Larry O. Wilder
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melvin Wolf, *Appellant-Defendant,* | May 5, 2017 |
| | Court of Appeals Case No. 10A01-1607-CR-1560 |
| v. | Appeal from the Clark Circuit Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Vicki Carmichael, Judge |
| | Trial Court Cause No. 10C04-1306-FC-164 |

**May, Judge.**

[1] Melvin Wolf appeals his conviction of Class A misdemeanor battery.[1] He argues the evidence was insufficient to sustain his conviction.[2] We affirm.

## Facts and Procedural History

[2] On May 26, 2013, Melvin Wolf was at the Charlestown Speedway in Charlestown, Indiana, to watch his adult son, Patrick, participate in a midget car race. During the race, another driver, Kevin Blue, collided with Patrick, impeding his progress in the race. Wolf observed the collision during the race. Blue subsequently beat Patrick in the race.

[3] After the race finished, Blue drove to the weigh-in area of the racing pit and exited his vehicle. Wolf moved from the bleacher area where he had been watching and made his way to the racing pits to see Patrick. Wolf had a pit pass that allowed him access to the racing pits. On the way to meet his son, Wolf saw Blue in the weigh-in area. Wolf approached Blue and called him profane names. Blue turned around and told Wolf to "get out of [his] face," (Tr. at 25), but Wolf continued yelling profanities and then punched Blue. A scuffle ensued until both parties were pulled apart. Another race driver, Logan Arnold, pulled off the race track and exited his vehicle just as Wolf and Blue

---

[1] Ind. Code § 35-42-2-1(a)(1)(A) (2012).

[2] We held oral argument in this case on March 29, 2017, at the University of Southern Indiana in Evansville. We thank university staff for their hospitality and commend counsel for their well-prepared advocacy.

began fighting. Arnold "heard screaming, looked over," and saw Wolf and Blue on the ground. (*Id*. at 49.) He saw Wolf "on top of [Blue]." (*Id*.)

[4] After Wolf and Blue were pulled apart, Wolf went to Patrick's pit area. A race official approached Wolf and informed him he was being suspended for three races for hitting someone. Wolf then walked to his car and left the speedway with his wife. Arnold followed Wolf to his vehicle, wrote down Wolf's license plate number, and called the police.

[5] In response to the call, Officer Scott Johns of the Clark County Sheriff's Office arrived at the race track. Johns observed "swelling, redness, and an abrasion" to Blue's nose, and a "softball size knot in the center of [Blue's] back." (App. Vol. II at 12.) Blue told Officer Johns he was standing in the weigh-in area after the race "talking with those around him when he turned around and [an] older heavy set man punched him in the nose causing him to fall flat on his back." (*Id*.) Per Blue's account in the report, the man "got on top of him and continued to punch him until the other people standing around pulled the suspect off." (*Id*.) Blue indicated he had never seen the man before, but several others identified the person who attacked Blue as Wolf.

[6] Blue went to the Saint Catherine Regional Hospital to receive treatment for his injuries. As a result of the altercation, Blue sustained a bruised, bloody nose and a lump on his lower back. Blue underwent CT scans of his face and lumbar spine, and he received an ice pack and pain medication. Officer Johns met with

Blue at the hospital and photographed Blue's injuries. On June 7, 2013, the State charged Wolf with Class A misdemeanor battery.

[7] On June 9, 2016, the trial court held a bench trial. The trial court heard testimony from Officer Johns, Blue, Arnold, and Wolf. When Blue testified, he again stated Wolf punched him in the nose, but denied "fall[ing] flat on [his] back," as written in Officer Johns' police report. (Tr. at 40.) Wolf's counsel questioned Blue on the inconsistency between Blue's testimony and Blue's prior statement at an August 6, 2015, deposition[3] wherein Blue verified the accuracy of the police report stating Blue "[fell] flat on his back." (*Id.* at 40-41.) Wolf's counsel also noted other inconsistencies between Blue's testimony and his prior statements at the deposition, such as Blue's testimony that he put Wolf in a "choke-hold." (*Id.* at 43.)

[8] Wolf asserted self-defense. Wolf testified he approached Blue, but only to "call him a dirty name." (*Id.* at 65.) Wolf admitted he hit Blue, but he claimed he did so only after Blue grabbed his shirt. Wolf's counsel moved for judgment on the evidence, arguing Blue was the aggressor because he grabbed Wolf's shirt and Wolf had the right to defend himself.

[9] At the conclusion of the bench trial, the court denied Wolf's motion for judgment on the evidence, rejected Wolf's self-defense claim, and found Wolf

---

[3] The record does not contain a transcript of this deposition.

guilty of Class A misdemeanor battery. The court sentenced Wolf to six months and suspended that time to unsupervised probation.

## Discussion and Decision

[10] Wolf argues the State presented insufficient evidence to negate his claim of self-defense beyond a reasonable doubt. Specifically, he argues (1) the trial court erred in finding his act of calling Blue names constituted provocation, and (2) Blue's testimony was incredibly dubious because it differed from the original police report.

[11] Our standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wallace v. State,* 725 N.E.2d 837, 840 (Ind. 2000). We neither reweigh the evidence nor judge the credibility of the witnesses. *Adetokunbo v. State*, 29 N.E.3d 1277, 1280 (Ind. Ct. App. 2015). We consider only the probative evidence and reasonable inferences supporting the trial court's decision. *Id.* "A conviction will be affirmed if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Id.* at 1280-81.

[12] To prove Wolf committed Class A misdemeanor battery, the State needed to present evidence Wolf "knowingly or intentionally touche[d] another person in a rude insolent, or angry manner" and it "result[ed] in bodily injury to any other person." Ind. Code § 35-42-2-1(a)(1)(A) (2012). "Evidence of touching,

however slight, is sufficient to support a conviction for battery." *Adetokunbo*, 29 N.E.3d at 1281.

[13] "A valid claim of self-defense is legal justification for an otherwise criminal act." *Wallace,* 725 N.E.2d at 840. "A person is justified in using reasonable force against any other person to protect the person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). To prevail on a claim of self-defense, a defendant must show he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Wilson v. State*, 770 N.E.2d 799, 800 (Ind. 2002); Ind. Code § 35-41-3-2.

[14] "When a claim of self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements." *King v. State,* 61 N.E.3d 1275, 1283 (Ind. Ct. App. 2016), *trans. denied*. "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Id.* If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated beyond a reasonable doubt. *Wilson*, 770 N.E.2d at 801.

# I. Incredible Dubiosity

Wolf argues Blue's testimony at trial was "incredibly dubious," (Appellant's Br. at 14), because it "changed dramatically from the date of the incident to the trial." (*Id*. at 15.) As an example, Wolf points to Blue's testimony at trial as being inconsistent with his prior statements about who fell to the ground first after Wolf "sucker punched" him. (*Id.*)

The incredible dubiosity rule allows the appellate court to impinge on the fact-finder's assessment of witness credibility when the testimony at trial was "so contradictory that the verdict reached would be inherently improbable." *Moore v. State*, 27 N.E.3d 749, 751 (Ind. 2015). "For the incredible dubiosity rule to apply, the evidence presented must be so unbelievable, incredible, or improbable that no reasonable person could ever reach a guilty verdict based upon that evidence alone." *Id.* "Incredible dubiosity is a difficult standard to meet, requiring ambiguous, inconsistent testimony that 'runs counter to human experience.'" *Carter v. State*, 44 N.E.3d 47, 52 (Ind. Ct. App. 2015). There must be: (1) a sole testifying witness; (2) whose testimony is inherently contradictory, equivocal, or the result of coercion; and (3) a complete absence of circumstantial evidence. *Moore*, 27 N.E.3d at 756. It is well-settled that "discrepancies between a witness's trial testimony and earlier statements made to police and in depositions do not render such testimony 'incredibly dubious.'" *Holeton v. State*, 853 N.E.2d 539, 541-42 (Ind. Ct. App. 2006).

Here, Blue's testimony is not incredibly dubious. First, Blue's testimony was not inherently contradictory. While Blue's trial testimony varied slightly from his statements to police as to who fell to the ground first, it did not change materially. At trial, Blue still maintained that Wolf approached him from behind, started yelling at him, and punched him. Second, there was not a complete lack of circumstantial evidence – Officer Johns documented Blue's injuries and Arnold testified that Wolf was on top of Blue when Arnold exited his car. Thus, the incredibly dubiosity rule is inapplicable here. *See Moore*, 27 N.E.3d at 759 (holding incredible dubiosity rule inapplicable where factors necessary to warrant application of the rule were not present).

## II. Provocation

Wolf claims he had a "constitutionally protected right to call Blue a 'dirty M-F'er'" and "a right to strike Blue in self-defense after Blue grabbed him by his shirt." (Appellant's Br. at 10.) Wolf cites *Tisdale v. State*, 199 Ind. 1, 154 N.E. 801 (1927), to support his position that his name-calling did not constitute sufficient provocation to justify Blue grabbing his shirt.

"The trier of fact is entitled to determine which version of the incident to credit." *Scott v. State*, 867 N.E.2d 690, 695 (Ind. Ct. App. 2007), *trans. denied*. And, on appeal, we consider only the evidence most favorable to the State and will not reweigh the evidence or assess witness credibility. *Lyles v. State,* 970 N.E.2d 140, 142 (Ind. 2012). As discussed above, Blue's testimony was not incredibly dubious. Thus, while Wolf maintains Blue grabbed his shirt first, the

facts most favorable to the court's judgment are that Blue did not touch Wolf before Wolf punched Blue. When the facts are viewed in accordance with the standard of review, Wolf cannot claim self-defense because he initiated the violence. *See Bryant v. State,* 984 N.E.2d 240, 250-51 (Ind. Ct. App. 2013) (if a person is the initial aggressor, he is not justified in using force "unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action"); *see also* Ind. Code § 35-41-3-2(g)(3). Moreover, Wolf's argument that his name-calling did not constitute provocation for Blue to grab Wolf becomes moot because, seeing the facts as we must, Blue did not grab Wolf.

[20] To encourage us to look past the facts most favorable to the judgment, Wolf notes a statement the trial court made at the conclusion of the bench trial:

> [T]he rule of self-defense does not apply if he is the one who provoked the attack and it sounds to me, based upon the testimony presented, that Mr. Wolf provoked the incident by approaching Mr. Blue in the first place and by calling him names and provoked the attack. So the issue of self-defense I believe fails based upon the evidence presented. Based upon the evidence presented I also find that Mr. Wolf did in fact touch Mr. Blue in a rude, insolent, or angry manner which resulted in bodily injury to him. So, I will find that he is guilty of the Battery as a Class A Misdemeanor.

(Tr. at 71.) Because the trial court stated Wolf "provoked the incident by approaching [Blue]," (*id.*), Wolf argues the court must have believed that Blue

grabbed Wolf's shirt first, instead of Blue's testimony Wolf "sucker punched" Blue first. (Appellant's Br. at 12-13.) Thus, Wolf reasons, if the court believed Wolf's words constituted provocation, the court erred in rejecting his theory of self-defense, because "Wolf's vile words did not justify Blue's act of grabbing Wolf." (*Id.* at 14.)

[21]     Although Wolf characterizes the trial court's remarks at the bench trial as "a statement of law," (*id.* at 11), the court's remarks are neither a finding nor a legal conclusion, but "merely a partial explanation of the mental process" the trial court underwent in arriving at its conclusion Wolf was guilty. *See Dozier v. State*, 709 N.E.2d 27, 30 (Ind. Ct. App. 1999) (trial court's remarks at sentencing were "merely a partial explanation of the mental process in which the trial court engaged to reach [its] conclusion" and not a "finding"). We explained in *Dozier*:

> Indeed, in a criminal case the trial court is not required to make either findings of fact or conclusions of law. Thus, the focus of our inquiry is not upon the remarks the trial court makes in a bench trial after having reached the conclusion that a defendant is guilty. Rather the question is whether the evidence presented to the trial court as fact-finder was sufficient to sustain the conviction.

> *Id.* (internal citations omitted.)

[22]     Similarly, in this criminal case, the trial court's remarks at the bench trial are not a basis for reversal. As we held in *Dozier*, our focus is on whether the evidence was sufficient to sustain Wolf's conviction, not whether the trial

court's remarks supported Wolf's conviction. Thus, we cannot reverse based on the court's statements at trial. *See Wilson*, 770 N.E.2d at 801 ("If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed.").

[23] The evidence established Wolf initiated and willingly participated in the fight, and thus the trial court properly rejected his claim of self-defense. *See Bryant,* 984 N.E.2d at 251 (holding trial court properly rejected claim of self-defense where evidence reasonably established defendant participated willingly in fight).

## Conclusion

[24] The State presented sufficient evidence to negate Wolf's claim of self-defense beyond a reasonable doubt. Furthermore, the incredible dubiosity rule is inapplicable to Blue's testimony. Accordingly, we affirm Wolf's conviction of Class A misdemeanor battery.

[25] Affirmed.

Baker, J., and Altice, J., concur.