# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 20 2017, 6:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Perry Robbins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 20, 2017

Court of Appeals Case No.
49A05-1703-CR-578

Appeal from the Marion Superior Court.
The Honorable David Hooper, Magistrate.
Trial Court Cause No.
49G12-1605-CM-20602

## Shepard, Senior Judge

[1] Perry Robbins appeals his conviction of Class A misdemeanor battery, arguing the State failed to rebut his claim of self-defense. We affirm.

[2] The evidence favorable to the judgment revealed that Wayne Gray and Perry Robbins knew each other for over thirty years. They occasionally worked

together, and their wives were first cousins. Gray and Robbins had agreed that Robbins would install an engine in Gray's truck for $150. Robbins' initial efforts were unsuccessful. On May 27, 2016, Robbins and a friend returned to Gray's house to continue the work. Gray had offered Robbins some scrap metal, in addition to the money, to complete the job. Robbins was unable to install the engine but still asked for the scrap metal. Gray refused, and Robbins became angry and left. Later that day, Robbins called Gray several times to shout at him. During one call, Robbins said he was coming back that evening to retrieve his tools. Gray told Robbins he was not welcome at his house.

[3] At 10:30 or 11:00 that night, Robbins and his wife Debra arrived at Gray's house. Gray was in bed, and Debra talked with him while Robbins stood outside the house, shouting about his tools. Gray told Debra that Robbins was unwelcome and they should leave, but Debra said she could not do that.

[4] Next, Gray went outside, to his front porch. Robbins was standing in Gray's yard, and he continued to shout as Gray told him to leave. Gray stepped off the porch into the yard, and Robbins approached him and pointed a finger at Gray's face, almost making contact. Gray told him to move his finger and put his hands up to move Robbins' hand, but Robbins continued to shout and point a finger in Gray's face. Next, as Gray started to turn away, Robbins struck him in the face, knocking him against the side of his truck. Gray stood up and tried to hit Robbins but missed, and Robbins struck him in the face again.

[5] The two backed away from each other as Gray's wife called 911, but Robbins refused to leave Gray's yard. During the conversation with the 911 dispatcher, Gray's wife said Robbins "sucker-punched" Gray in the face. Tr. Ex. Vol., State's Ex. 7. Robbins continued to shout, bragging that he "whooped [Gray's] butt." Tr. Vol. 2, p. 17. When the police arrived, Robbins refused an officer's requests to calm down and was taken into custody. Meanwhile, Gray gave the tools to Robbins' wife. Gray had cuts on his nose, his ear was swollen, and he developed bruises where he was knocked against his truck. In addition, Robbins broke Gray's glasses during the fracas.

[6] Debra presented a different version of events at trial. She said when she and Robbins arrived at Gray's house, Robbins was calm but Gray was angry. When Gray exited the house, he shouted at Robbins, and Robbins responded in kind. According to Debra, Gray walked up to Robbins and pushed him before Robbins struck him in the face. Next, as Robbins tried to walk away, Gray came at him again, and Robbins struck him in the face again.

[7] The State charged Robbins with battery resulting in bodily injury, a Class A misdemeanor. Ind. Code § 35-42-2-1 (2014). Robbins requested a jury trial and presented a claim of self-defense. The jury found Robbins guilty, and the court imposed a sentence.

[8] A person may use reasonable force against another to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. Ind. Code § 35-41-3-2 (2013). A valid claim of self-defense is legal

justification for an otherwise criminal act. *Mayes v. State*, 744 N.E.2d 390 (Ind. 2001).

[9] To prevail on a claim of self-defense, a defendant must show: (1) he was in a place where he had a right to be; (2) he did not provoke, instigate, or participate willingly in the violence; and (3) he had a reasonable fear of death or great bodily harm. *Wolf v. State*, 76 N.E.3d 911 (Ind. Ct. App. 2017). Once self-defense has been raised, the State must negate at least one of the three elements. *Madison v. State*, 534 N.E.2d 702 (Ind. 1989).

[10] In reviewing a challenge to the sufficiency of the evidence to rebut a claim of self-defense, we use the same standard as for any claim of insufficient evidence. *Wilson v. State*, 770 N.E.2d 799 (Ind. 2001). We neither reweigh the evidence nor judge the credibility of the witnesses. *Id.* A conviction despite a claim of self-defense will be reversed only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Id.*

[11] The jury was presented with sufficient evidence from which it could have determined beyond a reasonable doubt that Robbins did not act in self-defense. Robbins had no right to be in Gray's yard that evening because Gray repeatedly told him to leave, but Robbins remained and continued to shout at Gray. Further, Robbins instigated the violence, jabbing his finger at Gray's face and then striking him twice in the face. Robbins cites Debra's testimony and portions of Gray's testimony to argue Gray was the aggressor, but this argument is a request to reweigh the evidence.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Altice, J., concur.