## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2017, 10:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Logan Sabik,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 4, 2017<br><br>Court of Appeals Case No.<br>49A02-1705-CR-907<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Peggy Ryan Hart, Judge Pro Tempore<br><br>Trial Court Cause No.<br>49G10-1612-CM-47029 |

**Crone, Judge.**

# Case Summary

Logan Sabik appeals his conviction, following a bench trial, for class A misdemeanor battery. He contends that the State presented insufficient evidence to rebut his self-defense claim. Finding the evidence sufficient, we affirm his conviction.

# Facts and Procedural History

In December 2016, Sabik resided in a home with his aunt, Stephanie Sabik. On December 7, Stephanie's girlfriend, Ashley Howard, returned to the home from work and encountered a "very agitated" Sabik. Tr. at 55. Apparently, Stephanie and Sabik had been arguing throughout the day and were still arguing when Howard arrived. Howard also began arguing with Sabik, and as the situation escalated, Stephanie "put her hands on" Sabik to direct him back toward his bedroom to keep him away from Howard. *Id*. at 57. Nevertheless, Sabik charged at Howard "[t]he way a bull would charge … he just kind of hunkered down …." *Id*. at 58. Howard's "martial arts background … instantly kicked in as a self-defense" and she managed to put Sabik in a headlock and "put him on the floor" to try to calm him down. *Id*. Sabik freed himself and then "body slammed" Howard by lifting her over his head and slamming her to the ground. *Id*. at 56, 59. When she got back up, he did it again. Stephanie pulled Sabik off Howard and called police. Howard suffered minor injuries to her mouth and knee.

[3] The State charged Sabik with one count of class A misdemeanor battery with Howard as the victim and one count of class B misdemeanor battery with Stephanie as the victim. During the bench trial, Sabik claimed that he was acting in self-defense. The trial court found Sabik guilty of the class A misdemeanor battery regarding Howard but not guilty of the class B misdemeanor regarding Stephanie. The court sentenced Sabik to a one-year fully suspended sentence. This appeal ensued.

## Discussion and Decision

[4] Sabik's sole contention on appeal is that the State presented insufficient evidence to rebut his claim of self-defense. Our standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017). We neither reweigh the evidence nor judge the credibility of the witnesses. *A.A. v. State*, 29 N.E.3d 1277, 1280 (Ind. Ct. App. 2015). We consider only the probative evidence and reasonable inferences supporting the trial court's decision and will affirm the conviction if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Id*. at 1280-81.

[5] "A valid claim of self-defense is legal justification for an otherwise criminal act." *Wolf,* 76 N.E.3d at 915 (quoting *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000)). "A person is justified in using reasonable force against any other person

to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). To prevail on a self-defense claim, a defendant must show three things: (1) he was in a place where he had a right to be; (2) he did not provoke, instigate, or participate willingly in the violence; and (3) he was protecting himself from what he reasonably believed to be the imminent use of unlawful force. *Dixson v. State*, 22 N.E.3d 836, 839 (Ind. Ct. App. 2014), *trans. denied* (2015).[1] Further, self-defense is not appropriate for a defendant who is the initial aggressor except in very limited circumstances not applicable here. *Miller v. State*, 720 N.E.2d 696, 700 (Ind. 1999).[2]

[6] "When a claim of self-defense is raised and finds support in the evidence, the State bears the burden of negating at least one of the necessary elements." *King v. State*, 61 N.E.3d 1275, 1283 (Ind. Ct. App. 2016), *trans. denied* (2017). "The State may meet this burden by rebutting the defense directly, by affirmatively showing the defendant did not act in self-defense, or by simply relying upon the sufficiency of its evidence in chief." *Id*. If a defendant is convicted despite his claim of self-defense, we will reverse only if no reasonable person could say that

---

[1] This Court has repeatedly stated that the third thing a defendant claiming self-defense must show is that "he had a reasonable fear of death or serious bodily harm." *See, e.g., McCullough v. State*, 985 N.E.2d 1135, 1138 (Ind. Ct. App. 2013), *trans. denied*. However, we have determined that while a reasonable fear of death or serious bodily injury is undoubtedly required in a case involving deadly force, "when a case does not involve deadly force, a defendant claiming self-defense must only show that he was protecting himself from what he 'reasonably believe[d] to be the imminent use of unlawful force.'" *Dixson*, 22 N.E.3d at 839 (quoting Ind. Code § 35-41-3-2(c)).

[2] A self-defense claim is available to an initial aggressor only if he or she withdraws from the encounter and communicates to the other person his or her intent to withdraw but the other person nevertheless continues or threatens to continue unlawful action. Ind. Code § 35-41-3-2(g)(3).

self-defense was negated beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002).

[7] Here, the evidence presented by the State in its case-in-chief was sufficient to satisfy its burden of negating Sabik's self-defense claim. While the evidence indicates that Stephanie did initially put her hands on Sabik, Howard testified that Sabik charged at her and was the initial aggressor and instigator with regard to the physical altercation between them. Although Sabik, and to some extent even Stephanie, provided an alternate version of events as to who was the initial aggressor, the trial court, as the trier of fact, was entitled to determine which version of events to credit. *See Barton v. State*, 490 N.E.2d 317, 318 (Ind. 1986). The trial court chose to believe Howard. Sabik's arguments on appeal are simply an invitation for this Court to reweigh the evidence and reassess witness credibility in his favor, and we will not. There was sufficient testimony from which the trial court could reasonably conclude that Sabik was the initial aggressor and that he provoked, instigated, or participated willingly in the violence that occurred, therefore negating his claim of self-defense. Accordingly, we affirm his conviction.

[8] Affirmed.

Vaidik, C.J., and Mathias, J., concur