# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2018, 9:54 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
- Appellate Division
Indianapolis, Indiana

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Henry Flores
Andrew Kobe
Deputy Attorneys General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Corey S. Mack, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | October 4, 2018 <br><br> Court of Appeals Case No. 18A-CR-552 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Christina R. Klineman, Judge <br><br> Trial Court Cause No. 49G17-1801-CM-2216 |

**Mathias, Judge.**

Corey Mack ("Mack") appeals his conviction of domestic battery from the Marion Superior Court, arguing the State failed to present sufficient evidence to rebut his claim of self-defense.

We affirm.

## Facts and Procedural History

On January 19, 2018, Mack was in a relationship with Mia Burney ("Burney"). The two lived together and had known each other for over twenty years. Mack and Burney had an "up and down" relationship and had not been getting along for the past month. Tr. pp. 14, 31. Burney became upset with Mack and "went off" on him. *Id.* at p. 8. Mack and Burney were in the bedroom, and Burney, wishing to be alone, went into the bathroom to take a bath.

Mack followed her into the bathroom. Burney told Mack to leave the bathroom. Mack stayed in the bathroom, and the two continued to argue. While Burney was in the tub, Mack touched her leg. She told him she was done with the relationship and leaving. Mack then began to splash and throw water in her face. Burney stood up and again asked Mack to leave the bathroom. When Mack did not leave the bathroom, Burney wiped the water from her face and pushed Mack away from her, making contact between her hand and his face. Mack then open-handedly smacked Burney on her face. After brushing his teeth, Mack left the bathroom. Mack then left the residence to pick up his child from the bus stop and run an errand.

[5] After Mack had left the residence, Burney called the police. Responding officers observed bruising on Burney's cheek. Officers arrested Mack when he returned to the residence.

[6] Mack was charged with domestic battery as a Class A misdemeanor and battery resulting in bodily injury as a Class A misdemeanor. The trial court held a bench trial on February 21, 2018. At the conclusion of the bench trial, the court found Mack guilty of domestic battery. Mack appeals, arguing that he acted in self-defense.

## Discussion and Analysis

[7] Our standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same standard used for any claim of insufficient evidence. *Richardson v. State*, 79 N.E.3d 958, 964 (Ind. Ct. App. 2017), *trans. denied*. We must neither reweigh the evidence nor judge the credibility of the witnesses. *Harrison v. State*, 32 N.E.3d 240, 247 (Ind. Ct. App. 2015), *trans. denied*. We instead respect the exclusive province of the finder of fact to weigh any conflicting evidence. *Id*. We consider only the probative evidence supporting the judgment and any reasonable inferences which may be drawn from this evidence, and we will affirm if the probative evidence and reasonable inferences drawn therefrom could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id*.

[8] A valid claim of self-defense is a legal justification for an otherwise criminal act. *Richardson*, 79 N.E.3d at 964. That is, a person is justified in using reasonable

force against another person to protect himself from what he reasonably believes to be the imminent use of unlawful force. *See Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017). To prevail on a claim of self-defense pursuant to Indiana Code section 35-41-3-2, a defendant must have: (1) acted without fault; (2) been in a place where he or she had a right to be; and (3) been in reasonable fear or apprehension of bodily harm. *Weedman v.* State, 21 N.E.3d 873, 891–92 (Ind. Ct. App. 2014) (citing *Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003)), *trans. denied*. The amount of force used to protect oneself must be proportionate to the urgency of the situation. *Geralds v. State*, 647 N.E.2d 369, 373 (Ind. Ct. App.1995), *trans. denied*.

[9]     The State has the burden of disproving at least one element of a claim of self-defense. *Gomez v. State*, 56 N.E.3d 697, 702 (Ind. Ct. App. 2016). The State may meet its burden of negating at least one of the elements of a self-defense claim by rebutting the defense directly, by affirmatively showing that the defendant did not act in self-defense, or the State can simply rely on the sufficiency of its evidence in chief. *Hood v. State*, 877 N.E.2d 492, 497 (Ind. Ct. App. 20017), *trans. denied.* If the defendant is convicted in spite of his or her claim of self-defense, we will reverse only if no reasonable person could say that the self-defense was negated by the State beyond a reasonable doubt. *Wilson v. State*, 770 N.E.2d 799, 800–01 (Ind. 2002).

[10]    In the instant case, the record shows that Mack was not in reasonable fear or apprehension of bodily harm when he struck Burney. The record lacks any evidence showing that Mack held any sort of fear or apprehension of bodily

harm at the time he struck Burney. In support of his claim of self-defense, Mack simply asserts that Burney pushed him away from her while she was bathing before Mack struck her. This assertion alone is insufficient.

[11] Even if the record showed that Mack did fear bodily harm, the circumstances prohibit us from concluding that such a fear was reasonable or that he used a proportionate amount of force. Burney testified that she had repeatedly asked Mack to leave the bathroom. When Mack did not leave as requested, she pushed him away from her, making contact with his face as she wiped away the bath water he had thrown in her face. There is nothing to show that Burney used force sufficient to cause injury to Mack. There is no evidence that Burney caused Mack any actual physical harm or reasonable fear or apprehension of bodily injury. In retaliation, Mack hit her face with his open hand, leaving a visible bruise. This response was neither reasonably proportionate to the situation nor based on a reasonable fear or apprehension of bodily injury.

## Conclusion

[12] Because the record contains no evidence that Mack reasonably feared Burney or that he would suffer bodily harm, we conclude that the State presented sufficient evidence to rebut Mack's claim of self-defense.

[13] Affirmed.

Bailey, J., and Bradford, J., concur.