## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2020, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Shawn N. Rountree
Frankfort, Indiana

ATTORNEY FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jerrin Alan Staker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 23, 2020

Court of Appeals Case No.
19A-CR-1159

Appeal from the
Clinton Circuit Court

The Honorable
Bradley K. Mohler, Judge

Trial Court Cause No.
12C01-1711-F6-1210

**Kirsch, Judge.**

[1] Jerrin Alan Staker ("Staker") was convicted after a jury trial of escape[1] as a Level 6 felony, pleaded guilty to being a habitual offender,[2] and was sentenced to 365 days for the escape conviction, enhanced by 730 days for the habitual offender adjudication, all executed. Staker appeals his conviction for escape, arguing that the State failed to present sufficient evidence to support his conviction.

[2] We affirm.

## Facts and Procedural History

[3] On August 31, 2016, Staker was sentenced to 912 days after being convicted of Level 5 felony battery resulting in serious bodily injury in cause number 12C01-1509-F3-896 ("Cause 896"). *State's Ex*. 1; *Appellant's App. Vol. 2* at 88. In sentencing Staker in Cause 896, the trial court ordered that he was permitted to serve the final 182 days of his sentence on home detention through community corrections if accepted and approved by Clinton County Community Corrections. *State's Ex*. 1*; Appellant's App. Vol. 2* at 88. The trial court's jail order, which was incorporated into the final sentencing order, specifically stated, "community corrections is authorized *on standard terms . . . .*" *State's Ex*. 1 (emphasis added); *Appellant's App. Vol. 2* at 89. The community corrections rules and regulations of Clinton County are reviewed annually by an advisory

---

[1] *See* Ind. Code § 35-44.1-3-4(b).

[2] *See* Ind. Code § 35-50-2-8.

board that includes, among other people, "both judges" in Clinton County. *Tr. Vol. 2* at 29-30.

[4] On September 19, 2017, Staker signed the Clinton County Community Corrections Adult Home Detention Rules and Regulations, agreeing to abide by the rules and regulations of the Clinton County community corrections home detention program. *State's Ex.* 3. By signing this form, Staker acknowledged that if he failed to comply with the conditions in the agreement, his home detention could be revoked and his suspended sentence imposed and that "[v]iolation of the order for home detention may subject [him] to prosecution for the crime of escape under [Indiana Code section] 35-44.1-3-4." *Id.* He also agreed to the following rules and regulations, which were both written and read aloud to Staker:

> 10. I understand and agree not to possess or consume any alcoholic beverage, illegal or illicit drugs or controlled substances or over the counter drugs containing alcohol, except as prescribed by a licensed physician. . . .
>
> . . . .
>
> 13. I understand that I must obey all the laws of the local, state, and federal government. Failure to do so may result in a violation.

*Id.*; *Tr. Vol. 2* at 29, 38.

[5]     Staker submitted to his first drug screen as required by the agreement on September 26, 2017 and produced a negative result. *Tr. Vol. 2* at 35. During October 2017, Staker failed to report for four drug screens. *Id.* On October 26, 2017, he did report for a urine drug screen, in which he tested positive for methamphetamine. *State's Ex.* 2. After Staker tested positive for methamphetamine, a Clinton County community corrections case manager spoke with him in person about the results, and Staker admitted to the case manager that he had used methamphetamine. *Tr. Vol. 2* at 36.

[6]     On November 3, 2017, a notice of violation of term of community corrections was filed in Cause 896, alleging that Staker had tested positive for methamphetamine and that he had admitted to ingesting methamphetamine when confronted with the results of the drug screen. *State's Ex.* 2; *Tr. Vol. 2* at 23, 25. On November 9, 2017, Staker appeared in front of the trial court for the violation and admitted to the violation. *Tr. Vol. 2* at 25, 28-29.

[7]     On November 7, 2017, the State charged Staker with Level 6 felony escape under cause number 12C01-1711-F6-1210. *Appellant's App. Vol. 2* at 12. On January 31, 2019, the State filed a motion for leave to file a habitual offender sentencing enhancement, which the trial court granted the same day. *Id.* at 24, 27-28. A jury trial was held on April 1, 2019. *Id.* at 8, 73-75. While the jury deliberated on the escape charge, Staker pleaded guilty to being a habitual offender, and the trial court took the plea under advisement pending the jury's verdict. *Id.* at 73-75. After deliberations, the jury found Staker guilty of Level 6 felony escape. *Id.* at 73-75, 79. On April 25, 2019, the trial court sentenced

Staker to 365 days for the escape conviction, enhanced by 730 days for the habitual offender adjudication, all executed. *Id*. at 80-81. Staker now appeals.

## Discussion and Decision

[8] Staker appeals his conviction for escape as a Level 6 felony, challenging the sufficiency of the evidence showing that he violated a home detention order. Specifically, Staker maintains that the home detention rules and regulations that he agreed to abide by on September 19, 2017 were not "a home detention order as described in [Indiana Code section] 35-44.1-3-4(b)." *Appellant's Br*. at 9. Staker contends that the State only proved a violation of home detention rules and regulations, and he asserts that, as a matter of statutory interpretation, those home detention rules and regulations are not, by themselves, a home detention order. However, as the State correctly urges in its response to Staker's contention, we need not address that question of statutory interpretation because the trial court's order sentencing Staker to home detention in Cause 896 obligated him to comply with the rules and regulations of community corrections and home detention. *State's Ex*. 1; *Appellant's App. Vol. 2* at 89.

[9] When we review the sufficiency of evidence to support a conviction, we do not reweigh the evidence or assess the credibility of the witnesses. *Lehman v. State,* 55 N.E.3d 863, 868 (Ind. Ct. App. 2016), *trans. denied.* We consider only the evidence most favorable to the trial court's ruling and the reasonable inferences that can be drawn from that evidence. *Lock v. State,* 971 N.E.2d 71, 74 (Ind.

2012). We also consider conflicting evidence in the light most favorable to the trial court's ruling. *Oster v. State,* 992 N.E.2d 871, 875 (Ind. Ct. App. 2013), *trans. denied.* A conviction will be affirmed if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. *Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017).

[10]     Here, Staker was convicted of Level 6 felony escape. In order to prove that he committed the offense, the State was required to prove beyond a reasonable doubt that he "knowingly or intentionally violate[d] a home detention order or intentionally remove[d] an electronic monitoring device or GPS tracking device . . . ." Ind. Code § 35-44.1-3-4(b).

[11]     The order sentencing Staker stated that he was permitted to serve the final 182 days of his sentence in Cause 896 in the community corrections program "on standard terms." *State's Ex*. 1.[3] The director of the Clinton County community corrections program testified at Staker's trial that "both judges" are included on an advisory board that approves the home detention rules and regulations. *Tr. Vol. 2* at 19, 30. He also testified that the rule against consuming illicit or illegal substances was specifically set out in the home detention rules and regulations. *Id*. at 29-30. Methamphetamine is an "illegal drug." *See* Ind. Code § 35-48-4-

---

[3] This statement was contained in the jail order issued on August 31, 2017. *State's Ex*. 1. On the same date, the trial court issued a sentencing order, which contained the statement, "[T]he Court incorporates all other terms and conditions contained in the Jail Order." *Appellant's App. Vol. 2* at 89.

6.1 (prohibiting possession of methamphetamine); *Tr. Vol. 2* at 30. Given the evidence presented, the jury could reasonably have concluded that the use of the words "standard terms" contained in the sentencing order, *see State's Ex.* 1, included the home detention rules and regulations, which had been judicially approved, and that Staker was required to follow such rules and regulations as part of being allowed to serve time on home detention. Before Staker began his home detention, he signed the home detention rules and regulations and agreed to abide by them. By doing so, he was agreeing to the home detention rules and regulations, which had been ordered by the trial court, and these home detention rules and regulations prohibited him from consuming illegal drugs or otherwise violating the law. It was, therefore, reasonable for the jury to find that Staker had violated a home detention order when he violated the home detention rules and regulations by consuming methamphetamine. We conclude that the State presented sufficient evidence to prove that Staker knowingly or intentionally violated a home detention order and to support his conviction for Level 6 felony escape.

[12] Affirmed.

Najam, J., and Brown, J., concur.