# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 21 2020, 10:08 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Indianapolis, Indiana

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian T. Mathew
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raymond Christian, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 21, 2020 <br><br> Court of Appeals Case No. 20A-CR-1398 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Angela Dow Davis, Judge <br><br> The Honorable H. Patrick Murphy, Magistrate <br><br> Trial Court Cause No. 49G16-1808-CM-27179 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Raymond Christian (Christian), appeals his conviction for battery resulting in bodily injury, a Class A misdemeanor, Ind. Code §§ 35-42-2-1(c)(1); (d)(1).

We affirm.

# ISSUE

Christian present this court with one issue, which we restate as: Whether the State proved beyond a reasonable doubt that he committed battery resulting in bodily injury.

# FACTS AND PROCEDURAL HISTORY

On or about August 17, 2018, Shayla Beasley (Beasley) was working at a fast-food restaurant in Marion County when her on-again-off-again romantic interest, Christian, came in around 9:00 p.m. Christian sought a cellphone that was in Beasley's possession, but Beasley did not wish to relinquish it. However, Christian subsequently left the restaurant with the cellphone.

Later that evening after she left work, Beasley encountered Christian near her workplace and demanded the return of the cellphone. The two argued, and Beasley repeatedly reached for the cellphone. Christian retreated from each reach. Unable to obtain the cellphone, Beasley walked away from Christian, who grabbed her arm and pulled her back to him, which, according to Beasley

"hurt." (Transcript pp. 9-10). Beasley went home, called 911, and reported her encounter with Christian.

[6] On August 17, 2018, the State filed an Information, charging Christian with three Class A misdemeanors: domestic battery, battery resulting in bodily injury, and theft. After the State filed its Information, Beasley contacted the police several times seeking to have the charges dropped. On July 20, 2020, the trial court held Christian's bench trial. Beasley was the only witness for the State and testified regarding the August 17, 2018, events. On cross-examination, Beasley acknowledged that she had attempted to have the charges against Christian dropped but explained that it was not because her report of his conduct had been false, but because the two had reconciled. Christian testified on his own behalf and denied ever touching Beasley during the evening in question.

[7] The trial court found Christian not-guilty of the domestic battery and theft charges but guilty of battery resulting in bodily injury. The trial court proceeded directly to sentencing and imposed a 365-day sentence, all suspended without probation, and ordered Christian to complete twelve anger management classes.

[8] Christian now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[9] Christian challenges the sufficiency of the evidence supporting his conviction. Our standard of review of such claims is well-settled: When we review the

sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

[10] A defendant commits Class A misdemeanor battery resulting in bodily injury when he "knowingly or intentionally touches another person in a rude, insolent, or angry manner" that "results in bodily injury to any other person[.]" I.C. §§ 35-42-2-1(c)(1); (d)(1). "Bodily injury" is defined as "any impairment of physical condition, including physical pain." I.C. § 35-31.5-2-29. Therefore, in order to prove the offense, the State was required to prove that Christian touched Beasley in a rude, insolent, or angry manner that caused her pain.

[11] Here, Beasley testified that, during an argument, she walked away from Christian; he grabbed her arm and pulled her back to him; and it caused her pain. "Evidence of touching, however slight, is sufficient to support a conviction for battery." *Wolf v. State*, 76 N.E.3d 911, 915 (Ind. Ct. App. 2017). We conclude that this evidence sustained the trial court's determination that Christian committed Class A misdemeanor battery resulting in bodily injury. *See K.D. v. State*, 754 N.E.2d 36, 40-41 (Ind. Ct. App. 2001) (sustaining K.D.'s adjudication for battery for an act of insolent pulling).

[12]  Christian argues that we should apply the incredible dubiosity rule and reverse his conviction. "Under this rule, a court will impinge on the [fact-finder's] responsibility to judge the credibility of the witnesses only when it has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity." *Moore v. State*, 27 N.E.3d 749, 755 (Ind. 2015) (quotations omitted). A reviewing court will apply the rule only where a sole witness presents inherently contradictory testimony that is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt. *Id*.

[13]  While we agree with Christian's observations that Beasley was the sole witness who testified that he pulled on her arm and that there was no circumstantial evidence of his guilt, we cannot agree with his contention that "Beasley's version of events was contradictory and equivocal." (Appellant's Br. p. 8). Beasley testified that Christian pulled her arm. On cross-examination, when confronted with the fact that she had attempted several times to have the charges dropped, Beasley never stated that she did so because her report was false, nor did she recant her statements to police. Beasley also denied ever reporting that Christian's act of pulling her arm did not hurt. Because Beasley's testimony was not "inherently improbable," "inherently contradictory," or "equivocal," we sustain Christian's conviction. *Moore*, 27 N.E.3d at 755.

# CONCLUSION

Based on the foregoing, we conclude that the State proved beyond a reasonable doubt that Christian committed the offense of Class A misdemeanor battery resulting in bodily injury.

Affirmed.

Najam, J. and Crone, J. concur