

FILED

May 23 2019, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

John Jay Lacey
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John Jay Lacey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 23, 2019

Court of Appeals Case No.
18A-CR-2623

Appeal from the Boone Superior
Court

The Honorable Matthew C. Kincaid,
Judge

Trial Court Cause No.
06D01-1606-F3-149

**Bailey, Judge.**

# Case Summary

John Jay Lacey ("Lacey") appeals, pro se, his thirteen-year sentence enhancement based upon habitual offender status. He raises three issues, which we consolidate and restate as whether there was sufficient evidence to support his habitual offender enhancement.

We reverse and remand with instructions.

# Facts and Procedural History

On June 22, 2016, the State charged Lacey with aggravated battery, as a Level 3 felony,[1] and subsequently filed a notice also seeking a habitual offender enhancement,[2] based on an October 16, 2012, Florida conviction for battery on an officer, as a Level 3 felony,[3] and a March 2, 2014, Florida conviction for aggravated battery, as a Level 3 felony.[4] On November 18, 2016, Lacey and the State entered into a plea agreement under which Lacey pled guilty to aggravated battery and admitted his status as a habitual offender. The plea agreement left sentencing to the trial court's discretion and agreed to a cap of fourteen years on the habitual offender enhancement.

---

[1] Ind. Code § 35-42-2-1.5 (2016).

[2] I.C. § 35-50-2-8.

[3] Fla. Stat. § 784.07(2)(b) (2012).

[4] Fla. Stat. § 784.021(2) (2014).

[4]     On February 16, 2017, the trial court sentenced Lacey to fifteen years for aggravated battery, enhanced by thirteen years for being a habitual offender. Lacey filed a motion to correct erroneous sentence pursuant to Indiana Code Section 35-38-1-15 on August 15, 2018, and the trial court denied that motion on October 11.  This appeal ensued.

# Discussion and Decision

## Motion to Correct Sentence/Appeal

[5]     As an initial matter, we note that the State does not challenge Lacey's right to seek a correction of the judgment imposing the habitual offender enhancement under Indiana Code Section 35-38-1-15.  That statute permits the filing of a motion to correct sentence when a sentence is defective on its face in light of the statutory authority.  *See Woodcox v. State*, 30 N.E.3d 748, 751 (Ind. Ct. App. 2015) (citing *Robinson v. State*, 805 N.E.2d 783, 786 (Ind. 2004)).  "A sentence is defective on its face if it violates express statutory authority at the time the sentence is pronounced, as when the sentence falls outside the statutory parameters for the particular offense or is based on an erroneous interpretation of a penalty provision."  *Id*. (quotations and citation omitted).  Lacey alleges that his sentence violated express statutory authority at the time the sentence was pronounced; therefore, his motion to correct sentence pursuant to Indiana Code Section 35-38-1-15 was appropriate.

[6]     Nor does the State challenge Lacey's right to appeal his sentence, despite his plea agreement waiving that right.  Because Lacey's plea agreement did not fix

his sentence, he may appeal the merits of the sentence. *Creech v. State*, 887 N.E.2d 73, 74 (Ind. 2008) (also noting "[t]he same is true even when the defendant agrees to a sentencing cap or range"); *see also Haddock v. State*, 112 N.E.3d 763, 767 (Ind. Ct. App. 2018) (citing *Crider v. State*, 984 N.E.2d 618, 623 (Ind. 2013)) ("[I]f a sentence imposed is illegal, and the defendant does not specifically agree to the sentence, the waiver-of-appeal provision [in the plea agreement] is invalid."), *trans. denied*. Thus, this appeal is properly before us.

## Habitual Offender Enhancement

[7] Lacey contends that the habitual offender enhancement was issued in error because his two prior unrelated out-of-state felonies were both the equivalent of Level 6 felonies.[5] To the extent this issue requires us to interpret the meaning of the habitual offender statutes, our review is de novo. *Calvin v. State*, 87 N.E.3d 474, 476 (Ind. 2017). "We then determine whether, under that interpretation, sufficient evidence supports [the defendant's] habitual offender enhancement." *Id*. We view the evidence in the light most favorable to the judgment, and we will affirm that judgment unless we cannot find substantial evidence of probative value to support it. *E.g.*, *Pierce v. State*, 29 N.E.3d 1258, 1265 (Ind. 2015).

---

[5] In his reply brief, Lacey also contends—for the first time—that he did not enter into his plea agreement willingly and intelligibly and that he was denied effective assistance of trial counsel. However, those arguments are waived as they may not be brought for the first time in a reply brief. *See, e.g.*, *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005).

[8] At the time of Lacey's sentencing[6]—i.e., February 16, 2017—Indiana law provided that a person convicted of a Level 1 through Level 4 felony was a habitual offender if "at least one (1) of the prior unrelated felonies is not a Level 6 felony or a Class D felony." I.C. § 35-50-2-8(b)(2) (2017). A "Level 6 felony conviction" was defined to include a conviction in any jurisdiction other than Indiana "with respect to which the convicted person might have been imprisoned for more than one (1) year." I.C. § 35-50-2-1(a)(2) (2017). This court and our state Supreme Court have, since at least 1991, consistently interpreted the plain language of the latter statute as meaning "all non-Indiana felonies count as Level 6 felonies." *Calvin v. State*, 87 N.E.3d at 479 (citing *Rowold v. State*, 629 N.E.2d 1285, 1287 (Ind. Ct. App. 1994); *Cain v. State*, 594 N.E.2d 835, 842-43 (Ind. Ct. App. 1992), *clarified on reh'g*, 599 N.E.2d 625 (Ind. Ct. App. 1992); *Johnson v. State*, 575 N.E.2d 282, 285 (Ind. Ct. App. 1991), *trans. denied*.)[7]

[9] Both of Lacey's prior, unrelated felony convictions in Florida were classified as felonies "of the third degree," Fla. State § 784.07(2)(b) (2012), Fla. State § 784.021(2) (2014), for which Lacey could have received a term of imprisonment

---

[6] "The sentencing statute in effect at the time a crime is committed governs the sentence for that crime." *Harris v. State*, 897 N.E.2d 927, 928-29 (Ind. 2008).

[7] As the State notes, in 2018 the legislature amended the definition of a "Level 6 felony" for purposes of the habitual offender enhancement. Effective March 8, 2018, an out-of-state Level 6 felony means "a conviction, in any other jurisdiction at any time, with respect to which the convicted person might have been imprisoned for more than one (1) year but less than two and one-half (2 ½ ) years." I.C. § 35-50-2-1(a)(2) (2018); P.L. 20-2018, SEC. 1, eff. March 8, 2018. However, that amendment is irrelevant to the present case where the crime underlying the habitual offender enhancement was committed in June of 2016, i.e., almost two years before the amendment's effective date. *See, e.g., Harris*, 897 N.E.2d at 928-29.

"not exceeding 5 years," Fla. Stat. § 775.082(d) (2012), Fla. Stat. § 775.082(e) (2014). Because Lacey "might have been imprisoned for more than one (1) year" for each of the Florida convictions, both of those convictions were treated as Level 6 felony convictions under Indiana law in 2017. I.C. § 35-50-2-1(a)(2) (2017). Therefore, those Florida convictions could not support a habitual offender enhancement. I.C. § 35-50-2-8(b)(2) (2017). There was insufficient evidence to support the thirteen-year habitual offender enhancement.[8]

# Conclusion

We reverse the judgment of the trial court on the habitual offender finding and remand to the trial court for resentencing consistent with this opinion.

Reversed and remanded with instructions.

Riley, J., and Pyle, J., concur.

---

[8] Lacey also purports to challenge the habitual offender enhancement as an "improper" "stacked" sentence under "the Criminal Justice Reform Bill of December 2018." Lacey's Br. at 14. We do not address that claim as it is waived for failure to provide citation to any authority or make cogent argument as required under Indiana Appellate Rule 46(A)(8). Waiver notwithstanding, given our holding, it is not necessary to address that claim.