## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 10 2020, 9:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Shepard, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 10, 2020 <br><br> Court of Appeals Case No. 19A-CR-2065 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Lynn Murray, Judge <br><br> Trial Court Cause No. 34C01-1708-F6-175 |

**Kirsch, Judge.**

Michael Shepard ("Shepard") pleaded guilty to battery resulting in moderate injury,[1] a Level 6 felony, and the trial court imposed a thirty-month sentence. Shepard raises one issue, which we restate as whether the lack of treatment programs ordered in his sentence make his sentence inappropriate.

We affirm.

## Facts and Procedural History

In May of 2016, R.W. and Shepard became romantically involved. Shortly thereafter, Shepard began to abuse R.W. *Appellant's App. Vol. 2* at 14. Over several months, Shepard repeatedly struck her, threatened her with a knife, searched her body cavities, and threatened to murder her thirteen-year-old son. *Id.*

On January 22, 2017, R.W. went to a laundromat in Kokomo. *Id.* at 15. Because she was homeless, she put all her belongings in a bag and took the bag with her to the laundromat. *Id.* Shepard came to the laundromat a few minutes later. *Id.* Shepard struck R.W.'s face and ear several times causing "a massive amount of pain." *Id.* R.W. began to bleed from her ear and temporarily lost hearing. *Id.* After he stopped beating R.W., Shepard walked toward her bag of belongings. *Id.* Shepard had often taken R.W.'s belongings, and R.W. pulled out a knife and lunged at Shepard, but did not cut him. *Id.* Shepard fled. *Id.*

---

[1] *See* Ind. Code § 35-42-2-1(e)(2).

[5]     On August 28, 2017, the State charged Shepard with battery causing moderate injury, a Level 6 felony, and alleged that Shepard was an habitual offender. *Id*. at 10-11. On July 3, 2019, Shepard agreed to plead guilty to the battery charge in exchange for dismissal of the habitual offender allegation. Shepard's sentence was left to the trial court's discretion. *Id*. at 51. Shepard also agreed to participate in the Howard County Men's Non-Violence Program. *Id*. The pre-sentence investigation report ("PSI") indicated that Shepard had completed an "Adult Substance Use History Assessment," and, based on Shepard's self-reported results, the PSI indicated that Shepard was a candidate for the Howard County Alcohol and Drug Program. *Appellant's Conf. App. Vol. 2* at 58 (together, "the treatment programs").

[6]     On August 14, 2019, Shepard formally pleaded guilty, and the trial court proceeded directly to sentencing. *Tr. Vol. II* at 3, 9-10. The State asked the trial court to impose a fully executed sentence of thirty months. *Id*. at 10. Shepard agreed that a thirty-month sentence was appropriate, but he argued that he should receive a placement that would allow supervised monitoring and the treatment programs. *Id*. at 10-11. The trial court imposed a thirty-month sentence, but it declined Shepard's request for alternative placement and treatment programs.

> [Shepard has] been committed to the Department of Corrections a number of times and commitments to the county jail a number of times. This is his third battery conviction, although first felony for battery in ten years. It would seem that everything that this court and system has tried to do has not been successful. Apparently, [the deputy prosecutor] added the math up, thirty-

nine times in your life you have been arrested. *Mr. Shepard, I have no confidence that you are able to successfully complete any programs. . . . Your overwhelming past history is a strong aggravator here. . . . I know part of the plea does require you to complete the batterer's program. I'm not, since I'm not suspending any part of that sentence*, I am not making that part of your sentence in this case, simply that you do the time.

*Id.* at 13-14 (emphasis added). Shepard now appeals.

# Discussion and Decision

[7] Although he does not challenge the length of his sentence, Shepard contends his sentence is inappropriate because the trial court did not include the treatment programs in his sentence. Under Indiana Appellate Rule 7(B), we may revise a sentence if we find the sentence inappropriate considering the nature of the offense and the character of the offender. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Cardwell v. State,* 895 N.E.2d 1219, 1224 (Ind. 2008), while the "character of the offender" permits a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

[8] We consider not only the aggravators and mitigators found by the trial court but any other factors appearing in the record. *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). We defer to the trial court's decision, and our goal is to determine whether the appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). When we review a sentence, we seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d at 1225. "Aside from revising the length of a sentence, the place where a sentence is to be served is also an appropriate focus for our review under 7(B)." *Livingston v. State*, 113 N.E.3d 611, 613 (Ind. 2018).

[9] In contending that his sentence is inappropriate because it does not include the treatment programs, Shepard appears to argue that these programs would have provided incentives to improve his behavior. His argument, in its entirety, is as follows:

> Two programs . . . one by plea agreement and one by evaluation . . . that are designed to address Shepard's history and tendencies . . . two programs to modify attitude and future behavior . . . to Shepard's benefit and to society's benefit.

> So, what sanction does the Trial Court (or the State) hold over Shepard to enforce compliance with the accepted Plea Agreement (Men's Non-Violence Program) or with the assessment (Alcohol and Drug Program)?
>
> None.  Nothing.

*Appellant's Br.* at 8.

[10] Shepard cites no supporting authority for his claim, and his argument is not cogent.  Therefore, he has waived this issue.  *See Lacey v. State*, 124 N.E.3d 1253, 1257 (Ind. Ct. App. 2019); Ind. Appellate Rule 46(A)(8)(a).  Waiver notwithstanding, the trial court's decision not to include the treatment programs in Shepard's sentence does not make his sentence inappropriate.  First, his sentence was not inappropriate based on the nature of his offense.  Shepard battered R.W.'s face several times and struck her ear once, with the blow to R.W.'s ear causing "a massive amount of pain."  *Appellant's App. Vol. 2* at 15.  R.W. bled from her ear and temporarily lost hearing in that ear.  *Id*.

[11] Second, Shepard's sentence was not inappropriate based on his character.  Before this incident, Shepard had beaten R.W. many times and often threatened her with a knife.  *Id*. at 14-15.  He had threatened to murder R.W.'s son.  *Id*.  Shepard was using methamphetamine, which contributed to his violent and paranoid behavior.  *Id.* at 14.  Furthermore, Shepard's extensive criminal history reflects poorly on his character, and, as most relevant here, it demonstrates that he is unwilling to reform his behavior, even though he has been given many chances to do so.  *Appellant's Conf. App. Vol. 2* at 38, 59-63.

Shepard has previously been convicted of six felonies, five misdemeanors, and one habitual offender enhancement, and he has received multiple delinquency adjudications. *Id*. at 59-67. Many of his convictions and adjudications were for violent offenses, including robbery resulting in bodily injury, domestic battery, and multiple counts of battery. *Id*. Thus, we question whether giving Shepard yet another opportunity to participate in treatment programs, probation, or home detention would change his behavior. We therefore concur with the trial court's assessment regarding the utility of treatment programs and alternative placement for Shepard: "It would seem that everything that this court and system has tried to do has not been successful. . . . Mr. Shepard, I have no confidence that you are able to successfully complete any programs." *Tr. Vol. II* at 13-14. Shepard's sentence is not inappropriate considering the nature of the offense and his character.

[12] Affirmed.

Bailey, J., and Mathias, J., concur.