## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2020, 9:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| James A. Hanson<br>Fort Wayne, Indiana | Josiah J. Swinney<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Deparis M. Hardin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 17, 2020<br><br>Court of Appeals Case No.<br>20A-CR-90<br><br>Appeal from the Allen Superior Court<br><br>The Honorable David M. Zent, Judge<br><br>Trial Court Cause No.<br>02D06-1908-F5-275 |

**Bailey, Judge.**

# Case Summary

[1] Deparis Hardin ("Hardin") appeals his conviction of battery, as a Level 6 felony,[1] and his sentence.  We affirm.

# Issues

[2] Hardin presents two issues on appeal which we restate as follows:

    I.    Whether the State presented sufficient evidence to support his conviction of battery, as a Level 6 felony.

    II.    Whether his sentence is inappropriate in light of the nature of the offense and his character.

# Facts and Procedural History

[3] On August 28, 2019, the State charged Hardin with battery, as a Level 5 felony,[2] and strangulation, as a Level 6 felony.[3]  Hardin waived his right to a jury trial, and the court conducted a bench trial on November 19, 2019.  At trial, evidence was presented as to the following facts.

[4] On August 23, 2019, at around 1:40 p.m., ten-year-old D.H.'s mother ("Mother") drove him home as they mourned the death of D.H.'s grandfather

---

[1] Ind. Code § 35-42-2-1 (c)(1), (e)(3).

[2] I.C. § 35-42-2-1 (c)(1), (g).

[3] I.C. § 35-42-2-9(c).

("Grandfather"). D.H. told Mother he was hungry. Mother left D.H. in the car as she went into their home to quickly prepare him some food before they left for D.H.'s brother's medical appointment. D.H.'s grandmother ("Grandmother") and his uncle, Hardin, were standing outside the car. Hardin was around thirty years old and visiting from out of state for Grandfather's funeral. As Mother walked up to her home, she asked Hardin to grab something for her from the garage and bring it in to the house. Hardin did so and then went back to the car.

[5] D.H. remained in the passenger's seat of the car when Mother went inside, and he could hear his young cousin ("Cousin") speaking outside the car with Grandmother. As Hardin arrived back at the car, D.H. told Cousin to be quiet, and Grandmother took Cousin inside the home. Hardin told D.H. to be quiet, and D.H. responded that he did not have to be quiet.

[6] About ten minutes later, D.H. reported to police that, after D.H. said he did not have to be quiet, Hardin had yelled at him, reached inside the passenger's side window of the car, hit him seven times with a "closed fist" or "backhand," and squeezed D.H's neck with both hands, blocking his ability to breath. Tr. at 25. At trial, D.H. testified that he initially thought Hardin was "choking" him, *id.* at 12, but Hardin actually had only accidentally pinched D.H.'s neck with his fingernail when Hardin had grabbed D.H.'s shirt at "the middle of [D.H.'s] neck," *id.* at 16. D.H. testified that Hardin slapped him in the shoulder when his "nail just slipped off" D.H.'s neck. *Id.* at 12. D.H. was crying when police

arrived because it "hurt" when Hardin "hit" him and D.H. was also sad about losing his grandfather. *Id*. at 15.

[7] In his closing argument at trial, Hardin's counsel noted that Hardin was only "in town from out of state for a funeral." *Id*. at 43. Hardin's counsel stated, "[W]e can agree or disagree about whether or not Mr. Hardin should be the one disciplining the child or any number of things, but he's a family member interacting with the child's behavior." *Id*. at 45. He continued that "this was an incident between an adult and child that was a correcting behavior," and "whether we agree how it went down," a battery did not occur. *Id*. at 46.

[8] The trial court found Hardin guilty of the lesser included offense of battery as a Level 6 felony because the State proved rude or insolent touching by a person over eighteen years old against a person under fourteen years old, but it had not proven the bodily injury element needed for a Level 5 felony conviction. The court also found Hardin not guilty of the strangulation charge. The trial court imposed an executed sentence of one year and 183 days. In doing so, the trial court noted that Hardin's prior criminal history, including failed prior efforts at rehabilitation, was an aggravating circumstance.[4] This appeal ensued.

---

[4] The trial court also found one mitigating circumstance, but the specifics as stated in the Judgment of Conviction are illegible, App. at 85, and the judge did not mention the mitigator in the transcript of the November 19 hearing. There is no transcript of the sentencing hearing or Chronological Case Summary in the record.

# Discussion and Decision

## Sufficiency of the Evidence

[9] Hardin challenges the sufficiency of the evidence to support his conviction. Our standard of review of the sufficiency of the evidence is well-settled.

> When an appellate court reviews the sufficiency of the evidence needed to support a criminal conviction, it neither reweighs evidence nor judges the credibility of witnesses. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). The appellate court only considers "the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." *Id.* (quoting *Henley v. State*, 881 N.E.2d 639, 652 (Ind. 2008)). A conviction will be affirmed if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Bailey*, 907 N.E.2d at 1005. A verdict of guilt may be based upon an inference if reasonably drawn from the evidence. *See Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007).

*Tin Thang v. State*, 10 N.E.3d 1256, 1258 (Ind. 2014). Moreover, a conviction may be sustained on only the uncorroborated testimony of a single witness, even when that witness is the victim. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012).

[10] To support Hardin's conviction for battery, as a Level 6 felony, the State was required to prove that Hardin, who was at least eighteen years old, knowingly or intentionally touched another person who was under age fourteen in a rude, insolent, or angry manner. I.C. § 35-42-2-1 (c)(1), (e)(3). Evidence of touching,

however slight, is sufficient to support a conviction for battery. *See, e.g.*, *Wolf v. State*, 76 N.E.3d 911, 915 (Ind Ct. App. 2017). Hardin does not dispute that he was over eighteen years old and D.H. was under fourteen years old at the time of the incident. Nor does he dispute D.H.'s testimony that Hardin grabbed D.H. by the shirt and hit D.H. in the shoulder. Thus, although D.H. recanted his earlier report to officers that Hardin had hit him seven times with a fist or backhand and had squeezed his neck, his trial testimony nevertheless established that Hardin knowingly touched D.H. in a "rude, insolent, or angry manner." *Id*. That is sufficient evidence to support the Level 6 battery conviction. *See Wolf*, 76 N.E.3d at 915; *Bailey*, 979 N.E.2d at 135.

[11] On appeal, Hardin for the first time raises the "parental discipline privilege" under which reasonable parental discipline is an absolute defense to the crime of battery. *Willis v. State*, 888 N.E.2d 177, 182 (Ind. 2008) (adopting Restatement of the Law (Second) Torts, § 147(1) (Am. Law Inst. 1965)), which states, "A parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his [or her] child as he [or she] reasonably believes to be necessary for its proper control, training, or education."). However, Hardin has waived that argument by raising it for the first time on appeal. *See First Chicago Ins. Co. v. Dunn*, 141 N.E.3d 54, 61 (Ind. Ct. App. 2020) (discussing the general rule that an argument or issue raised for the first time on appeal by an appellant is waived for appellate review).

[12]    Waiver notwithstanding, Hardin is not the parent of D.H., nor is there any evidence that he was a person *in loco parentis*[5] by either an express or implied delegation of authority, as he claims. *See McReynolds v. State*, 901 N.E.2d 1149, 1153 (Ind. Ct. App. 2009) (holding parental discipline privilege did not apply to defendant who battered child who he was babysitting, as evidence was insufficient to show he was a person *in loco parentis*). Hardin is not entitled to assert the parental discipline privilege as a defense to the battery.

## Inappropriateness of Sentence

[13]    Hardin contends that his sentence is inappropriate in light of the nature of the offense. However, he provides only one sentence in support of that contention, and that one sentence does not contain cogent reasoning or any citation to either the record or legal authority as required by our appellate rules. Indiana Appellate Rule 46(A)(8)(a). Therefore, Hardin's challenge to his sentence as inappropriate is waived. *See e.g.*, *Merrill v. State*, 716 N.E.2d 902, 904 n.2 (Ind. 1999) (holding that, by offering no supporting argument other than a bare assertion, defendant waived his appellate challenge to his sentence); *Lacey v. State*, 124 N.E.3d 1253, 1257 n.8 (Ind. Ct. App. 2019) (holding claim was

---

[5]  *In loco parentis*, meaning "in the place of a parent, … refers to a person who has put himself in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption. It embodies the two ideas of assuming the parental status and discharging the parental duties." *Marriage of Snow v. England*, 862 N.E.2d 664, 666 (Ind. 2007) (citations and quotations omitted).

waived for failure to provide citation to any authority or make cogent argument).

# Conclusion

There is sufficient evidence to support Hardin's conviction of battery, and Hardin has waived his challenge to his sentence by failing to provide cogent argument and citations to the record and legal authority.

Affirmed.

Crone, J., and Altice, J., concur.