In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-3649

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

GUADALUPE I. MEJIA, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 15-cr-40068-001 — **Sara Darrow**, *Judge.*

ARGUED MARCH 1, 2017 — DECIDED JUNE 13, 2017

Before POSNER, SYKES, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* The issue in this appeal is
whether the district court had a sufficient basis for imposing
an above-guideline sentence on appellant Guadalupe
Mejia, Jr., who pled guilty to being a felon in possession of a
firearm in violation of 18 U.S.C. § 922(g)(1). The evidence and
argument at Mejia's sentencing hearing focused on a bar fight
in which Mejia pulled a knife and either Mejia or another man

pulled a gun and fired shots that struck a building and a vehicle.

The conflicting factual accounts of the bar fight convinced the district judge to reject the probation officer's recommendation to increase Mejia's guideline offense level by four levels on the theory that he had "used or possessed" a gun "in connection with another felony offense" or else had "possessed or transferred" the weapon with "knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." See U.S.S.G. § 2K2.1(b)(6)(B). From the facts about the bar fight that could be found with confidence, however, as well as Mejia's lengthy criminal history, the district judge concluded that no matter who fired the shots at the bar, an above-guideline sentence was appropriate. We affirm.

I.  *Factual and Procedural Background*

Mejia pled guilty without a plea agreement. During the plea colloquy he did not admit any factual allegations beyond the essential elements of the § 922(g)(1) charge, so he admitted nothing about the bar fight. Afterward, he also declined to discuss the offense with the probation officer. Without the defendant's version of the offense, the probation officer used police reports to put together an account of the bar fight that blamed Mejia for firing the shots.

At the center of the fight was a confrontation between Mejia and a man named Winters, apparently over a woman whom Winters viewed as his girlfriend. It is not clear who threw the first punch, but Winters and Mejia started fighting. Mejia pulled a switchblade knife. Then two other men entered the fray, one on each side. Winters got help from a man

named Tarkington, and Mejia called for help from fellow gang member McClain. After McClain arrived, several gunshots were fired. Some struck Tarkington's truck and the building where the bar was located.

The combatants separated. Mejia took the gun and hid it. When police questioned him the next day, he led them to the gun. Mejia told the police that he was not the shooter. He has maintained that position throughout this federal prosecution for being a felon in possession of the firearm.

At sentencing, the principal factual dispute was whether Mejia had fired the shots and thus whether his offense level should have been raised by four levels under § 2K2.1(b)(6)(B) for using or possessing the gun in connection with another felony or for possessing or transferring the gun to Mejia with knowledge, intent, or reason to believe it would be used or possessed in connection with another felony. Mejia did not testify or present evidence in his sentencing hearing, but he challenged the government's effort to prove the enhancement should apply.

We need not recount all the details of the conflicting accounts of the bar fight from Winters, Tarkington, police officers, and Mejia's post-arrest statement. Suffice it to say the conflicts among those accounts made it impossible for the court to determine who fired the shots and thus whether Mejia handled the gun "in connection with another felony offense," as necessary to apply the upward adjustment under § 2K2.1(b)(6)(B). Without the adjustment, Mejia's offense level was 17 and his criminal history category was VI, for a guideline range of 51 to 63 months in prison. The judge imposed a sentence of 93 months.

   The judge stressed that no matter who started their fight, "the initial contact between the defendant and Mr. Winters was forceful." And though the judge said she did not "really know what happened," she continued that it was clear "there was a fight and there was a knife involved, a knife possessed by the defendant." Still, the judge added, the aftermath "gets a little foggy." The evidence did prove, the judge said, that Mejia had been "in the thick of it" and summoned McClain to the bar.

   The judge explained that the guideline range is just one of the factors in 18 U.S.C. § 3553(a) and that it was in this case "slightly inadequate to address the seriousness of the offense." The events at the bar, the court said, were "incredibly troubling." "You were there," the judge told Mejia, and "you ultimately possessed" the gun used in the shooting after "you called the individual to come there, and he presumably brought" the gun unless "you already had it."

   Mejia's behavior, the judge continued, demonstrated that his "only intention was to cause harm." Whether or not Winters provoked him, the judge told Mejia, using a knife and "calling in reinforcements who bring a gun" was inexcusable. The judge emphasized that the "gun was used on that date to shoot at two individuals." The evidence was inconclusive that Mejia fired the shots, the judge said, but it was enough to find that he committed an aggravated assault with the knife. Moreover, the judge added, it was worrisome that Mejia had invoked his gang because, "when groups are involved in violent activity, the harm is usually greater."

   The court went on to discuss Mejia's inability to control his impulsivity and anger, as shown by a "basically unbreakable trend" of crimes from age twelve through this incident,

when Mejia was twenty-six. Mejia's criminal history category was VI, the highest of the guideline categories, and the court concluded that Category VI understated the likelihood of recidivism.

II. *Analysis*

On appeal Mejia argues that the district court violated his right to due process by relying on "speculation and unfounded allegations" in imposing sentence, emphasizing the judge's comment that she did not "really know what happened." A convicted defendant has a due process right to be sentenced on the basis of accurate information. *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *United States v. Tankson*, 836 F.3d 873, 881 (7th Cir. 2016); *United States v. Guajardo-Martinez*, 635 F.3d 1056, 1059 (7th Cir. 2011); *U.S. ex rel. Welch v. Lane*, 738 F.2d 863, 864 (7th Cir. 1984).

We find no due process violation here. Mejia reads too much into the district judge's comment that she did not "really know what happened." In context, she was saying that the available evidence simply did not provide a reliable basis for a judicial finding of fact that Mejia had started the fight with Winters or had fired the shots. We do not disagree.

The judge also made clear, however, that other factual points were established and that they aggravated the seriousness of Mejia's actions. Regardless of how the fight started between Mejia and Winters, the judge found that Mejia was the one who pulled the knife, which made the fight much more dangerous. She also found that either Mejia or McClain had had the gun and fired the shots, and that if Mejia was not responsible for the gun, he had called for help from fellow gang

member McClain, further escalating the violent confrontation.

The district court found that Mejia had committed aggravated assault. In this court Mejia's lawyer suggests that he pulled his knife in self-defense, particularly since Winters was much bigger than he was. But at sentencing Mejia never suggested that affirmative defense, much less supported it with evidence. On this record there is no support for a claim of self-defense. We assume for purposes of argument that if Winters had kept punching Mejia, then maybe—unlikely, but maybe—Mejia might have been in such danger that he would have been justified in going for his knife. But before he pulled that knife, he and Winters had separated. Mejia had gone back inside the bar to call McClain. He could have called the police, or waited until Winters had gone, or even escaped through the front door to avoid Winters. Instead, he left the relative safety of the bar and went back outside to confront Winters, thus escalating the situation further. See *United States v. Rice*, 673 F.3d 537, 541 (7th Cir. 2012) (explaining that valid claim of self-defense under Illinois law requires defendant to establish that use of force was necessary to avert great bodily harm). The district court did not err in finding that Mejia committed an aggravated assault against Winters.

That assault was also just one part of the court's explanation for the above-guideline sentence. We will uphold an above-guideline sentence as long as the district court adequately explained the chosen sentence consistently with the factors in 18 U.S.C. § 3553(a). See *United States v. Ferguson*, 831 F.3d 850, 854–57 (7th Cir. 2016); *United States v. Iriri*, 825 F.3d 351, 353–54 (7th Cir. 2016); *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016); *United States v. Molton*,

743 F.3d 479, 484 (7th Cir. 2014). "[A] major departure should be supported by a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007).

Here, the district court concluded that the Guidelines did not adequately address Mejia's "incredibly troubling" conduct. That conclusion is fully justified on this record. As the judge explained, Mejia did not simply possess a gun, which is all that his conviction under § 922(g)(1) required. He summoned a gang member with a gun and then reengaged with Winters, ending with bullets striking Tarkington's truck and the wall of the bar. Mejia's "only intention," the court recognized, "was to harm" Winters, and this incident continued a long history of uncontrolled anger and impulsive behavior, often involving use of a knife.

In the end the district court concluded that past sentences had not deterred Mejia and that he would not be deterred by a sentence within the guideline range. The court recognized the need for a sentence "sufficient but not greater than necessary" to persuade Mejia not to commit future crimes. The court's thorough explanation justified the above-guideline sentence. The judgment of the district court is

AFFIRMED.