NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2018[*]
Decided August 16, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-1512

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Southern District of Illinois. |
| *v.* | |
| | No. 16-CR-30119-NJR-01 |
| WILLIAM C. COSBY, | |
| *Defendant-Appellant*. | Nancy J. Rosenstengel, *Judge*. |

**O R D E R**

William Cosby pleaded guilty to drug and firearm charges and was sentenced to 15 years in prison. He argues on appeal that the district court procedurally erred in determining the sentence and that it is substantively unreasonable. We disagree with both contentions, so we affirm the judgment.

---

[*] This case was set for oral argument, but Cosby waived his right to participate. Accordingly, we submit the case for decision on the briefs and record. *See* FED. R. APP. P. 34(f).

A police officer caught Cosby sitting in a car with two plastic bags of crack cocaine in his jacket pocket and a gun on the floor. Cosby explained that he was acting as a "middle man" in a drug transaction and that he had bought the gun, later found to be stolen, from a "crack head" three months earlier. He was charged with and pleaded guilty to possessing a gun as a felon, 18 U.S.C. § 922(g)(1); possessing crack cocaine with intent to distribute it, 21 U.S.C. § 841(a)(1); and carrying a gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A).

Before sentencing, the government argued that a 20-year sentence was appropriate. Among other aggravating factors, the government focused on one part of Cosby's criminal history—his conviction for, and later acquittal of, first-degree murder in Illinois. Cosby had been found guilty, but he was granted a new trial after the presiding judge was indicted on federal criminal charges. At the second trial, the jury credited Cosby's testimony that he had shot the victim in self-defense and acquitted him. In this case, though, the government argued that the district court could find by a preponderance of the evidence that Cosby committed the murder and consider it in determining the sentence. And the government maintained that even if the court did not make that finding, it should consider Cosby's testimony at the murder trial that he had carried a gun with him for "years" despite being a felon.

Cosby countered by requesting a 7-year sentence and arguing against consideration of the murder case in determining the sentence. He contended that, after hearing the evidence, the state jury had found that he had acted in self-defense, so the court should not substitute its own views. Cosby also argued that his difficult life, including having a drug-addicted mother, untreated ADHD, drug and alcohol addictions, and financial difficulties, warranted a below-guideline sentence. And he argued that a 7-year sentence, the longest he had ever faced, was sufficient to specifically deter him from reoffending but that generally the length of the sentence, according to certain studies, did not have a significant effect on deterrence.

At the sentencing hearing, the district court first calculated the guideline range, which the parties agreed was 57 to 71 months for the felon-in-possession and drug-possession counts and 60 months for the § 924(c) count, for a total range of 117 to 131 months. Then the government called an Illinois police officer to testify about Cosby's prosecution for murder. As relevant here, the officer confirmed that Cosby had testified at his trial that he carried a gun "all the time."

After listening to the parties' arguments, the court concluded that an above-guideline sentence was warranted, though not one of 20 years. First, it acknowledged that Cosby had a rough childhood by reiterating the circumstances he had identified. Next, the court extensively reviewed Cosby's criminal history; it noted that he began committing crimes at age 14, had 24 adult convictions and numerous other arrests, had committed new crimes while serving other sentences, and had his parole revoked. The court was "hesitant" and did not place "a lot of weight" on the murder case, remarking that it could not "second-guess what went on with that jury." But the court did consider undisputed facts "surrounding" the murder: that Cosby had a gun, shot someone, and testified that he "regularly carried a loaded firearm" despite being a felon.

The court discussed a number of other factors it viewed as aggravating. Cosby had been convicted of unlawfully possessing a firearm before, but did it again. Plus, the gun was stolen, had an extended magazine, and had a laser sight, which the judge said made the gun "look[ ] pretty bad." He also was transporting crack cocaine. To promote respect for the law, protect the public, and deter Cosby and others, the court thought a lengthy sentence was needed because Cosby had repeatedly flouted the law and had not yet been deterred, even after he avoided a long sentence for the murder charge.

The court determined that an upward variance was appropriate because Cosby's lengthy criminal history was not sufficiently accounted for. *See* U.S.S.G. § 2K2.4 n.2(B). The court "kept coming back to 15 years in light of Mr. Cosby's history and characteristics." So it imposed a within-guideline sentence of 60 months for the felon-in-possession and drug-possession counts to run consecutively with a sentence of 120 months—double the default 60-month term—for the § 924(c) count.

On appeal, Cosby first argues that the court improperly took into account the murder of which he was acquitted without finding by a preponderance of the evidence that he committed the crime; he said the killing "should have had no bearing" on his sentence. But Cosby misconstrues what the court did. It did not, as Cosby says, decide his criminal culpability—expressly seeking to avoid "second-guess[ing]" "that jury"— but it considered that Cosby possessed a gun despite being a felon and that he wasted his freedom after narrowly missing a long sentence for the murder conviction by committing these crimes less than two years later. Those uncontested details influenced the court's analysis of the 18 U.S.C. § 3553(a) factors, including the need to promote respect for the law, to deter Cosby, and to protect the public.

Cosby's remaining three arguments overlap and essentially ask us to review whether the district court adequately explained and chose a reasonable sentence. First, he faults the court for its "failure to properly weigh mitigating factors." To the government's assertion of waiver, he responds that telling the district court at the hearing that he was "satisfied that [it] addressed [his] mitigating arguments" did not waive his argument on appeal. Arguments about the "merits or reasonableness of the court's treatment" of mitigating factors are not waived by a defendant affirming that the court had *addressed* those factors. *United States v. Garcia-Segura*, 717 F.3d 566, 569 (7th Cir. 2012). So Cosby preserved an argument that the court did not appropriately "weigh" the mitigating factors— but this is a substantive, not procedural, challenge to the sentence, despite his characterization. *See United States v. Ferguson*, 889 F.3d 314, 318 (7th Cir. 2018); *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015).

And here, although the district court could have said more about how it considered Cosby's turbulent childhood, mental health, poverty, and addictions in determining the sentence, it twice acknowledged those mitigating factors. Moreover, during discussion of the other § 3553(a) factors, the court implicitly decided that the aggravating factors weighed more heavily. We cannot say that more was required, especially since a difficult childhood "unfortunately do[es] not meaningfully distinguish [him] from so many other criminal defendants." *United States v. Hall*, 608 F.3d 340, 347 (7th Cir. 2010).

This ties into Cosby's next contention that, as a procedural matter, the court did not sufficiently explain the above-guideline sentence, including how he was different from "other similarly situated defendants." The government again asserts that Cosby waived this argument by declining, after the sentence was announced, any "further elaboration" of the judge's "consideration of the statutory factors." But Cosby was not required to object again and make the same arguments. *See* FED. R. CRIM. P. 51(a); *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). In any case, the purported procedural defect is nonexistent. "We will uphold an above-guideline sentence as long as the district court adequately explained the chosen sentence consistently with the factors in 18 U.S.C. § 3553(a)." *United States v. Mejia*, 859 F.3d 475, 479 (7th Cir. 2017). This includes explaining "any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Cosby argues that the § 924(c) sentence is not sufficiently justified, but his piecemeal approach is wrong. The court could—and did—consider the interaction of the concurrent sentences for the drug-possession and felon-in-possession counts and

the consecutive sentence for the § 924(c) count in fashioning one overall sentence. *See Dean v. United States*, 137 S. Ct. 1170, 1176–77 (2017). The court's methodology was plain: it adjusted the § 924(c) term so that the total sentence would amount to the 15 years that the court "kept coming back to" as the appropriate sentence.

Further, the district court did not act arbitrarily; it had a solid basis for upwardly adjusting the § 924(c) sentence. It relied upon Application Note 2(B) to U.S.S.G. § 2K2.4, which provides for an "upward departure" from the mandatory minimum for the § 924(c) conviction to account for the seriousness of the defendant's criminal history. *See United States v. Bell*, 887 F.3d 795, 798 (7th Cir. 2018) (recognizing that although departures are obsolete, district courts can "apply them by way of analogy when assessing the § 3553(a) factors"), *cert. denied*, 138 S. Ct. 2593 (2018). The court thought that a longer sentence on that count was needed because of Cosby's extensive criminal history for a person his age, which the court described at length. That record, the court concluded, also demonstrated a need for specific deterrence, to promote respect for the law, and to protect the public from him. As the court remarked, nothing, not even escaping a long sentence on the murder charge, had stopped Cosby from committing new crimes. Moreover, the district court also based its sentence on the seriousness of the offense: the gun was stolen, had an extended magazine and laser sight, and was carried while he was distributing cocaine. The district court's explanation, which addressed Cosby's individual circumstances, sufficed to justify the longer sentence.

Last, Cosby argues that the sentence is substantively unreasonable, but this is resolved by what we already have said. The district court had considerable discretion to fashion an appropriate sentence as long as it was consistent with the § 3553(a) factors. *See United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016). Its tailored explanation supports its choice of 15 years as a reasonable sentence. Therefore, we AFFIRM the judgment.