In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1282

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICKY HATCH,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16 CR 385-1 — **Ronald A. Guzmán**, *Judge.*

ARGUED NOVEMBER 15, 2018 — DECIDED NOVEMBER 29, 2018

Before BAUER, KANNE, and ST. EVE, *Circuit Judges.*

PER CURIAM. Ricky Hatch pleaded guilty to trafficking firearms from Indiana into Chicago. *See* 18 U.S.C. §§ 922(a)(3), 924(a)(1)(D). The district judge sentenced him above the Sentencing Guidelines' recommended range. The judge reasoned that the rise of gun violence in Chicago meant that the Sentencing Guidelines did not adequately reflect the seriousness

of Hatch's offense or sufficiently deter firearm trafficking. Because the judge may depart from the Guidelines based on locality-specific factors, we affirm the judgment.

Hatch illegally brought handguns into Chicago three times. The first time, accompanied by Juwan Kemp, a large-scale Chicago gun dealer, he went to Indiana where an arms dealer informed him that he would sell guns to Indiana residents only, and so Hatch used his friend, Brittany Driver, who had an Indiana ID, to purchase seven pistols before returning to Chicago. Hatch made two more similar trips, paying over $2,700 cash altogether for 17 guns. Over the next year, Chicago police recovered five of these guns—some from felons and one even from a minor.

Federal authorities initiated an investigation. Hatch told Driver not to divulge any information to law enforcement, but she admitted anyway that she purchased guns for him. Hatch told a probation officer that he was a straw buyer for Kemp: he bought the guns for Kemp and did not know why Kemp wanted them. Hatch was indicted and pleaded guilty to unlawfully transporting firearms.

The district judge sentenced Hatch above the Guidelines to a 55-month prison term. The judge calculated a Guidelines range of 30 to 37 months based on an offense level of 19—which included a three-level reduction for accepting responsibility, *see* U.S.S.G. § 3E1.1—and a criminal history category of I. *See* U.S.S.G. Ch. 5, pt. A. He then applied the factors set forth in 18 U.S.C. § 3553(a). Regarding Hatch's history and characteristics, the judge said that his family, job, and lack of prior felonies "appear to be in his favor." But, the judge continued, the nature of the offense was "troubling,"

and Hatch failed to accept responsibility fully because he denied knowing what the guns were for. The judge gave statistics, attributing the spike in Chicago's homicides to guns from Indiana: Chicago was responsible for 20% of the nation's 8% increase in homicides in 2016, most of those homicides involved illegal guns, and 21% of illegal guns recovered in Chicago are traceable to Indiana. And he observed that Indiana has less restrictive gun laws than Illinois. He then discussed the effect of gun violence in the city:

> Almost daily the citizens of Chicago are bombarded with news stories of the gun violence that plagues this city. Children have been shot while playing in front of their own homes. Residents have been injured by stray bullets while inside their homes watching television. School children need to be escorted to school through "safe zones."

(R. 94 at 47.)

"I … do not believe," the judge concluded, "that the Sentencing Guidelines as they are structured today adequately reflect the seriousness of this particular type of offense as it relates to this geographic area." The range, would "neither promote respect for the law nor deter others … from committing these offenses." (*Id.* at 48.)

On appeal, Hatch raises a series of procedural challenges. First, noting the prevalence of gun violence in cities across the country, he argues that the judge did not adequately explain why the Guidelines sentence was insufficient in this "run-of-the-mill" case.

But the judge adequately explained how he considered local factors and why he categorically disagreed with the Guidelines. Judges may disagree with the Guidelines based

on their own penal theory, *see Spears v. United States*, 555 U.S. 261, 265–66 (2009); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010) (en banc), and in doing so, they may consider "locality-based categorical factor[s]." *United States v. Cavera*, 550 F.3d 180, 195 (2d Cir. 2008) (en banc); *United States v. Flores-Machicote*, 706 F.3d 16, 22–23 (1st Cir. 2013) (judges may consider "community-based and geographic factors"); *see also United States v. Reyes-Hernandez*, 624 F.3d 405, 421 (7th Cir. 2010) (judges may consider local availability of fast-track programs). Here, the judge discussed the rise in Chicago's gun violence and concluded that a rise in local crime made the offense more serious than what the Guidelines contemplated. And in describing Chicago as "vulnerable" to the flow of guns from Indiana, the judge also appropriately considered the need to deter the illegal transport of guns from a state to another with a gun violence problem, *see Cavera*, 550 F.3d at 196.

Hatch likens his case to that of *United States v. Robinson*, in which we vacated a drug dealer's sentence because the sentencing judge made irrelevant comments on broad issues of local and national scope that "undermine[d] our confidence in the fairness of the proceeding." 829 F.3d 878, 880 (7th Cir. 2016). Hatch asserts that the judge wrongly held him responsible for Chicago's spike in gun violence, rather than his own conduct. But this characterization overstates the judge's explanation. The judge merely situated Hatch's offense against the backdrop of statistics and observations about widespread gun violence in Chicago—comments that hardly could be described as "extraneous and inflammatory" and do not "cast[] doubt on the validity of the sentence." *Robinson*, 829 F.3d at 880 (quoting *United States v. Figueroa*, 622 F.3d 739, 741 (7th Cir. 2010)).

Hatch next argues that the judge did not explain sufficiently why the 55-month term complied with § 3553(a)'s parsimony principle, which requires courts to impose prison terms that are "sufficient, but not greater than necessary" to achieve the goals of sentencing. *See* 18 U.S.C. § 3553(a). To satisfy the principle, the district judge "need not recite any magic words," *United States v. Tyra*, 454 F.3d 686, 687 (7th Cir. 2006); indeed, we will uphold a sentence if the judge explains how it reflects consideration of the § 3553(a) factors, *United States v. Mejia*, 859 F.3d 475, 479 (7th Cir. 2017). Here, the judge appropriately applied those factors. Beyond geographic issues, the judge considered Hatch's history and characteristics (mostly "in his favor"), the nature of the offense ("troubling," and Hatch's failure to fully accept responsibility "bothered" him), the seriousness of the offense ("difficult to overstate"), and the need for deterrence and respect for the law.

Hatch also asserts that the judge failed to consider adequately his history and characteristics, such as his supportive family, steady employment, and lack of criminal history. But disagreement with how the judge weighs mitigating factors generally does not warrant reversal. *See United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015). The judge considered Hatch's family, job, and lack of felonious history "in his favor," and reasonably determined that other factors, including his failure to fully accept responsibility for the offense, required a longer sentence.

Hatch then contends that the judge could not penalize him under § 3553 for not accepting responsibility because he credited Hatch for accepting it under § 3E1.1 of the Guidelines. A sentencing judge's decision to apply a three-level reduction under § 3E1.1, however, may differ from his analysis under

§ 3553(a), provided that the record supports that decision. *See United States v. Smith*, 860 F.3d 508, 516–17 (7th Cir. 2017). Here, the record shows that Hatch did not acknowledge that he bought the guns for an illegal purpose, and the judge was free to consider that fact as part of Hatch's history and characteristics.

Finally, Hatch challenges his sentence's substantive reasonableness. He argues that the judge's emphasis on general deterrence was unreasonable because the theory that longer sentences deter illegal activity lacks empirical support. But § 3553(a)(2)(B) permits judges to consider general and specific deterrence, among the other sentencing factors. *See United States v. Sunmola*, 887 F.3d 830, 842 (7th Cir. 2018).

AFFIRMED