In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-2490

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL PRICE,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18CR00059-001 — **James R. Sweeney II**, *Judge.*

ARGUED OCTOBER 25, 2021 — DECIDED NOVEMBER 1, 2021

Before EASTERBROOK, ROVNER, and WOOD, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Believing that Carissa Sammons had stolen some of his girlfriend's jewelry, Michael Price called the house in Indianapolis where Sammons was staying and announced that he was coming to get the jewelry back—by force, if necessary. When Price tried to gain entrance, Brian Butler closed the front door. Price fired a revolver several times through the door, hitting Edwin Smith in the leg. Price dropped the revolver and fled. When police

caught up with his truck, they found a Taurus pistol. Price has pleaded guilty to the crime of possessing a gun, which his felony record made unlawful. 18 U.S.C. §922(g)(1). Although the indictment does not identify the gun or guns that Price unlawfully possessed, the factual basis proffered in support of the plea identifies possessing the Taurus pistol as the crime of conviction. The court sentenced Price to 110 months in prison.

The presentence report recommended that the judge add four offense levels under U.S.S.G. §2K2.1(b)(6)(B), which applies when the defendant "used or possessed any firearm or ammunition in connection with another felony offense". The PSR observed that shooting into an occupied house amounts to the state offense of criminal recklessness, Ind. Code §35-42-2-2(b)(1)(A), if not something more serious. Unfortunately, the report did not quote §2K2.1(b)(6)(B) accurately. Instead it paraphrased the rule as one that adds four levels if "[t]he defendant possessed the firearm while committing another felony offense."

At sentencing the judge quoted from that paraphrase rather than from §2K2.1(b)(6)(B). Yet the two concepts differ. An enhancement for a felony committed "while possessing" a firearm would apply if Price had left the Taurus in a bank vault and arrived at the house with a baseball bat or a knife. The crime of possession continues as long as a gun is under a felon's control; it need not be in his hand (or truck). But under §2K2.1(b)(6)(B) the enhancement is appropriate only if the firearm was "used or possessed … in connection with another felony offense"—in other words, only if the firearm was involved in, or contributed to, the other felony. See, e.g., *United States v. LePage*, 477 F.3d 485, 489 (7th Cir. 2007).

The district judge did not find that the condition in the Guideline, as opposed to the paraphrase, had been satisfied. It *might* have been satisfied. Perhaps the presence of the Taurus in the truck made Price bolder, because it served as a backup or a means to facilitate escape. But the judge did not find that the Taurus played either role.

The judge did mention that, by possessing the revolver long enough to shoot it, Price independently violated §922(g)(1). And the Assistant United States Attorney observed that the indictment is broad enough to encompass the revolver—which three witnesses say Price brought to the door, though Price says he obtained during a struggle with Butler. Still, the crime of conviction entailed the pistol but not the revolver, given the factual basis admitted in the plea colloquy. The prosecutor could have insisted that Price plead guilty to possessing the revolver (or gone to trial if Price balked), and then the enhancement under §2K2.1(b)(6)(B) would have been a no-brainer. But that's not what happened.

The district court's failure to make an essential finding means that we must remand. The United States has not argued that any error was harmless. It might be thought harmless—after all, a judge is entitled to impose sentence based on what the defendant actually did, whether or not a particular enhancement applies. That's one upshot of *United States v. Booker*, 543 U.S. 220 (2005). We have encouraged district judges to say on the record that the parties' dispute about a particular issue under the Guidelines does not matter to the sentence. See, e.g., *United States v. White*, 883 F.3d 983, 987 (7th Cir. 2018). The district judge could have said this, given the fact that Price committed a separate federal felony by possessing and shooting the revolver. But the judge did not

declare that the sentence is independent of §2K2.1(b)(6)(B), so we could not find the error to be harmless even if the United States had made a harmless-error argument.

One final observation may avoid a needless dispute on remand. Price contends that he shot the revolver in self defense and so did not commit the crime of criminal recklessness. That argument is a non-starter—though not because self defense is a defense rather than an element of the state crime. If self defense could be established, then the shooting would not be a crime, and only "another felony offense" supports an enhancement under §2K2.1(b)(6)(B). See *United States v. Mejia*, 859 F.3d 475, 479 (7th Cir. 2017). The problem with using self defense as a means to avoid the enhancement is that Indiana does not permit the initial aggressor to invoke self defense, even if a fracas develops in which the aggressor is thrown on the defensive. See Ind. Code §35-41-3-2(g)(3); *Wolf v. State*, 76 N.E.3d 911 (Ind. App. 2017). It is undisputed that Price was the aggressor at the house where Sammons was staying; the district court therefore need not consider Price's argument about self defense.

The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.