NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 1, 2022
Decided March 9, 2022

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2553

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 1:20-cr-00803 |
| DEANDRE JOHNSON, *Defendant-Appellant*. | Ronald A. Guzmán, *Judge*. |

## O R D E R

Deandre Johnson pleaded guilty to unlawfully possessing a gun as a felon, 18 U.S.C. § 922(g)(1), and the district court imposed an above-guidelines sentence of 96 months' imprisonment. The court emphasized Johnson's refusal to reform despite his previous convictions and sentences, his dangerous behavior during and after his arrest, and the need for general deterrence given rising gun violence in Chicago. On appeal, Johnson argues that his sentence is substantively unreasonable and unwarranted by the

record. Because the district court sufficiently justified his sentence based on the statutory sentencing factors, the judgment is affirmed.

## I. BACKGROUND

Johnson pleaded guilty to possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). In 2019, police officers had caught him with a gun while on state-based parole for a felony conviction. He had been driving his girlfriend home; she asked him to bring a pistol for protection, and he agreed. When police attempted to stop his car for a traffic violation, Johnson pulled into an alley and fled on foot with the pistol, dropping the magazine in an alley and later depositing the pistol in a recycling bin. Johnson's conviction for possessing a firearm as a felon referenced two past felony convictions—for aggravated battery and aggravated assault.

At sentencing, the court first computed the prison term recommended under the Sentencing Guidelines. The parties debated whether Johnson should receive a 2-level enhancement for recklessly endangering others during flight. *See* U.S.S.G. § 3C1.2. Calling it "really a close call," the court accepted Johnson's contention that it did not apply. This led to an offense level of 21, criminal history category of IV, and a recommended prison term of 57 to 71 months' imprisonment.

Next, the court addressed arguments about the sentencing factors under 18 U.S.C. § 3553(a). The government argued that a within-guidelines sentence was appropriate because Johnson's criminal history, including juvenile arrests and parole violations not reflected in his history score, showed a need to deter Johnson from future crimes and protect the public. Johnson responded that a below-guidelines sentence was justified because the guidelines range exaggerated the severity of his criminal history. He urged that his aggravated-battery conviction stemmed from a desire to protect his brother, his conviction for aggravated assault was based on an accidental car collision, and his current offense arose out of a wish to protect himself and his girlfriend, not a plan for violence. He added that if he had offended 10 days later, the 2-point enhancement for committing the offence while on parole would not have applied.

The district court sentenced Johnson to 96 months' imprisonment, above the guidelines range of 57 to 71 months. Discussing the § 3553(a) factors, it first focused on specific deterrence. It noted that despite his past incarcerations, including for "two convictions . . . for violent behavior," and despite his active parole status, Johnson chose to reoffend, instead of, as the court expected, going "out of his way to avoid any

criminal conduct." This history revealed a "repetitive pattern of criminal conduct," and a refusal to "change[] an iota." It concluded that Johnson had "no respect for the law whatsoever" and that his prior incarcerations had been "totally inadequate to change his behavior."

The court next considered the nature of Johnson's offense and his behavior during and after his arrest. It found that his conduct was "extremely dangerous." The court explained that, although it declined to apply the reckless-endangerment enhancement, Johnson had created a "greater danger to [police] just by having them chase" him and that fleeing with a weapon elevated that risk to "an added danger" to police and the public. Regarding his post-arrest behavior, the court referenced a phone call that Johnson made from jail. During the call, Johnson urged a friend to shoot a dog that had bitten her, just as he would. The court said that this advice was "outrageous" and showed that Johnson did not "[have] a clue as to the seriousness of the things he has done."

Finally, the court considered the need for general deterrence against illegal gun possession in Chicago. It observed that the need to "keep . . . guns out of the hands of convicted felons[] could not be greater at this point in time and this particular location," because it contributes to the high rates of gun violence in Chicago. It concluded that this concern, combined with Johnson's "inability to learn from his past experiences, his pattern of violent behavior, his [lack of] respect for the law, his parole, [and] his prior sentences" justified the above-guidelines sentence.

## II. ANALYSIS

On appeal, Johnson argues that the above-guidelines sentence is substantively unreasonable. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007). We will uphold such a sentence as long as the district court provided adequate reasons for the variance consistent with the § 3553(a) factors. *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016). We address each of his arguments in turn.

Johnson contends that the district court abused its discretion by ignoring the context of his past crimes. In his view, the court focused "on the names given for his previous crimes" (aggravated battery and assault) rather than his actual behavior, which he believes was not aggressive. But for three reasons the court adequately justified its upward variance and reasonably rejected Johnson's argument that his past

crimes did not warrant a significant sentence. *See United States v. Stephens*, 986 F.3d 1004, 1009–10 (7th Cir. 2021).

First, although the district court mentioned the violent nature of his past crimes, it based the current sentence on the fact that the sentences for Johnson's past crimes had not caused him to change even "an iota." It emphasized that Johnson's commission of his latest offense while still on parole showed that he had "no respect for the law." This behavior confirmed that the previous sentences had been "totally inadequate to change his behavior." *See* § 3553(a)(1), (2)(A). The court thus reasonably concluded that deterring Johnson from future crimes in a way that he had not been deterred before was a primary factor in sentencing him above the guidelines range. *See* § 3553(a)(2)(B).

Second, the district court permissibly relied on Johnson's dangerous flight from the police to sentence him above the guidelines range. In commenting on that flight, the court reasonably emphasized the danger to police and the public he caused, not just by running away, but doing so with a weapon. Johnson replies that it was unreasonable for the court to use his flight to justify an above-guidelines sentence after rejecting (in "a close call") the reckless-endangerment enhancement for that conduct. But in sentencing a defendant, the district court may weigh behavior that technically falls outside of the guideline calculation. *See United States v. Moultrie*, 975 F.3d 655, 662 (7th Cir. 2020) (upholding an above-guidelines sentence for a § 922(g)(1) conviction where the court concluded that defendant's offense level did not reflect the danger of his conduct or lack of respect for the legal system).

Third, in imposing an above-guidelines sentence, the district court reasonably relied on Johnson's behavior after his arrest, because it bore on his personal characteristics, *see* 18 U.S.C. § 3553(a)(1), and was not factored into his offense score. *See Moultrie*, 975 F.3d at 662. The court permissibly found that Johnson's advice during the post-arrest call that his girlfriend violently kill a dog was "outrageous." This again confirmed for the court that Johnson did not "[have] a clue as to the seriousness of the things he has done." *Id.*

Johnson next argues that his 96-month sentence is an "extreme outlier" compared to similarly situated defendants. He notes that the 35% increase over the top of his guidelines range is statistically unusual: the median sentence for offenders in his guidelines range is 57 months, and fewer than 5% receive above-guidelines sentences. But this court may not apply "a rigid mathematical formula that uses the percentage" variation from the guidelines range to decide whether a sentence is reasonable. *Gall*, 552

U.S. at 47. It may consider "the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id*. at 51. Due deference is warranted here because the district court analyzed several offense-specific factors under § 3553(a) that were not adequately reflected in the guidelines range and justified the variance: Johnson's lack of deterrence and reform, his armed flight from arrest, and his post-arrest advice to a friend to offend violently. *See United States v. Matthews*, 701 F.3d 1199, 1205 (7th Cir. 2012) (sentencing differences are not "a forbidden disparity" if justified by legitimate considerations).

Finally, Johnson objects to the district court's consideration of the recent rise in gun violence in Chicago, arguing that this general problem does not justify varying from the guidelines for him specifically. But we have ruled that judges may consider "local factors" in evaluating the seriousness of an offense and need for deterrence. *See United States v. Hatch*, 909 F.3d 872, 875 (7th Cir. 2018) (affirming an above-guidelines sentence where the court "situated [the defendant's] offense against . . . observations about widespread gun violence in Chicago"). Johnson responds that *Hatch* is distinguishable because the defendant's underlying conduct there—trafficking guns from Indiana to Chicago—was related to the "local factors" that the district court considered. But that relationship is as present here as it was in *Hatch* because the district court discussed rising gun violence in the context of the Johnson's underlying offense. While observing that Johnson was a felon in possession of a gun, the court noted the need "to keep [] guns out of the hands of convicted felons, [which] could not be greater at this point in time and this particular location." The district court thus reasonably determined that an above-guidelines sentence was necessary to deter a severe problem of similar wrongdoing. *See* 18 U.S.C. § 3553(a)(2)(B); *Hatch*, 909 F.3d at 876.

The judgment of the district court is AFFIRMED.