NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2022
Decided April 26, 2022

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

No. 21-2629

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 20-CR-30047-NJR-01 |
| DAVID A. HANSFORD, *Defendant-Appellant.* | Nancy J. Rosenstengel, *Chief Judge.* |

**O R D E R**

David Hansford—while on parole and having previously been convicted of more than two dozen felonies over three decades—stole a gun and a truck containing another gun, crashed the truck, then stole at gunpoint the truck of a driver who stopped to help him, led police on a high-speed chase, and, finally, crashed the second truck. He pleaded guilty to three federal counts: carjacking, 18 U.S.C. § 2119; brandishing a firearm in a crime of violence, *id.* § 924(c)(1)(A)(ii); and being a felon in possession of a firearm, *id.* § 922(g)(1). The district court sentenced him to a total of 264 months'

imprisonment—75 months more than the Guidelines recommended—and eight years of supervised release. In imposing this sentence, the court stressed Hansford's attack on a motorist who came to his aid, his criminal history score of 38 (almost three times the score required for the highest category), and Hansford's repeated offenses that extended from his teenage years into his fifties (including a prior firearm conviction).

Hansford appeals, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We alerted Hansford to counsel's motion, *see* CIR. R. 51(b), but he did not respond. Because counsel's brief explains the nature of the case and addresses potential issues that an appeal would be expected to involve, and the analysis appears thorough, we focus on the subjects counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

To start, counsel rightly omits potential challenges to the guilty plea because he discussed with Hansford the risks and benefits of upsetting his plea and Hansford confirmed that he wishes to challenge only his sentence. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012). That sentence includes concurrent terms of 180 and 120 months' imprisonment for carjacking and gun possession, followed by 84 months for the brandishing count.

Counsel first considers whether he could contest the district court's grouping of the carjacking and gun-possession counts or the separate sentence for brandishing. But counsel's answer, rightly, is no: the grouping was proper because Hansford possessed the gun during the carjacking, U.S.S.G. § 3D1.2(a); and the statute requires a separate consecutive sentence for brandishing, with the guidelines recommendation for such a sentence set at 84 months, *see id*. §§ 2K2.4(b), 3D1.1(b)(1)(B); 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(D)(ii).

Nor does counsel identify a potential error in the offense level (22) for the grouped counts: a base level of 20 because carjacking is a type of robbery, U.S.S.G. § 2B3.1(a); a two-level carjacking enhancement, *id*. § 2B3.1(b)(5); one added level for the value of the second stolen truck, *id*. § 2B3.1(b)(7)(B); two further levels for recklessly endangering others in a high-speed chase, *id*. § 3C1.2; minus three levels for accepting responsibility, *id*. § 3E1.1.

Counsel next considers Hansford's criminal history score of 38 but again finds no arguable error. At sentencing Hansford did not contest that he had 12 prior sentences greater than 13 months each, yielding 36 points, *see id*. § 4A1.1(a); nor did he contest that

he was on parole when he committed the federal crimes, thus adding 2 more points, *id.* § 4A1.1(d). And although Hansford was arrested on a single day for some of his prior offenses, they were counted separately from one another because they involved separate charging instruments and the sentences were imposed on different days (as Hansford had committed them in different counties). *See id.* § 4A1.2(a)(2).

Finally, counsel explores whether he could argue that the district court abused its discretion in imposing the above-guidelines sentence. The Guidelines are advisory, and we will not disturb an above-range sentence if the district court reasonably weighed the sentencing principles of 18 U.S.C. § 3553(a), explained the inadequacy of a within-guidelines sentence, and considered the defendant's arguments. *United States v. Mejia*, 859 F.3d 475, 479 (7th Cir. 2017). Counsel observes that the concurrent sentences of 180 and 120 months for carjacking and gun possession are well above the range of 84 to 105 months recommended by the Guidelines. Still, counsel can identify no nonfrivolous basis to call this an abuse of discretion.

To be sure, the district court recognized that Hansford's prior offenses were not crimes of violence. But his criminal history score of 38 was nearly three times the threshold (13) for the highest category (VI), and higher than the district judge recalled seeing before; and the three-decade span of that history, including a prior gun offense, suggested a danger of continued crime. Although Hansford pointed out that drug addiction can warrant a lower sentence if treatment is sought, the district court saw no evidence of prior attempts to treat his addiction and had no reason to think it would be treated now. Further, the district court viewed Hansford's decision to carjack a motorist who had stopped to help him after the first crash as uniquely perverse in a way the Guidelines did not address. And although some prior crimes were parts of sprees that could have led to fewer criminal history points if they had not crossed county lines, that happenstance did not convince the district court that the score here was unfairly high. Counsel thus identifies no argument that the district court's decision is unreasonable, and we see none. *See United States v. Stinefast*, 724 F.3d 925, 933 (7th Cir. 2013) (observing that "incorrigibility" may justify sentence well above guidelines range); *Mejia*, 859 F.3d at 479 (affirming above-range sentence where Guidelines did not adequately address defendant's "incredibly troubling" relevant conduct).

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.